John M. **RICHEY** and Helen P. **Richey,** Plaintiffs-Appellants,

v.

**METER INVESTMENTS, INC.,** Defendant-Respondent.

No. WD35355.

Missouri Court of Appeals, Western District.

Oct. 30, 1984.

D.W. Sherman, Jr., Lexington, for plaintiffs-appellants.

R. Britt Carlson, Kansas City, for defendant-respondent.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

BERREY, Judge.

Appellants filed suit in Lafayette County for specific performance and damages. On May 6, 1981, the case, CV179–115 CC, was called up by the court and was dismissed for want of prosecution.

Subsequently on August 17, 1981, the trial court on its own motion, without notice and hearing, set aside its May 6 order.

On August 27, 1981, respondent filed its objections and on September 1, 1981, the court sustained the respondent's objections.

Subsequently on September 11, 1981, appellants refiled a Petition for Specific Performance and for Damages and said case was assigned number CV181–247 CC. Following service respondent filed a Motion for Judgment on the Pleadings. The matter was set for December 7, 1981.

The docket entry record of December 7, 1981, reads, "Come parties by attys. Motion For Judgment On The Pleadings taken up & heard on the record and overruled &

denied." The Honorable William T. Bellamy presided.

Thereafter an amended petition was filed as well as respondent's answer and request for admissions. Depositions were filed and on July 19, 1982, respondent filed a Motion for Change of Judge and Change of Venue. The case was eventually reassigned and transferred to Johnson County, Missouri, the Honorable Robert G. Russell, presiding, and given case number CV483–266 CC. The respondent renewed his Motion to Dismiss on September 16, 1983, and on October 3, 1983, with attorneys present and arguments heard, the trial court sustained respondent's motion. The trial court cited the prior dismissal of CV179–115 CC, holding it was with prejudice and a bar to the instant case. Although there was no motion for a nunc pro tunc order filed nor was there a formal prepared nunc pro tunc order executed by the trial judge in Lafayette County, appellants' attorney urges us to accept the trial court's remarks at the hearing of December 7, 1981, as being nunc pro tunc in nature and preserving his law suit by announcing that in his circuit, Rule 67.-03 notwithstanding, all dismissals were without prejudice unless noted to the contrary.

Appellants' exhibit G notes that "CV179 115 CC John Richey, et al v. Meter Investments, Inc. was dismissed for w/p May 6, '81." This is on a form entitled "Setting Letter" showing copies were sent to the attorneys for both appellants and respondent. Attorney for appellants alleges that the Circuit Clerk of Lafayette County did send the Supreme Court notice that the case was dismissed without prejudice. At the December 7, 1981, hearing with attorneys present and in open court, Judge Bellamy stated:

I am going to say this, that for a number of years in this circuit—and I understand that the rules of the Supreme Court take precedence over the rules of the circuit, .... The fact that the case did not say with prejudice under the rules of the Supreme Court may make Mr. Sherman and me look awfully bad here, but there was never any intention that it be dismissed with prejudice; I will say that.

....

Mr. Sherman has cited, but I'm going to say that the intention of the Court was never to dismiss the case with prejudice. It just was never so intended. And, in fact, the clerk did the right thing when she notified the Supreme Court that the dismissal was without prejudice ....

....

I'm going to say that this particular case was never—it was never intended that this case be dismissed with prejudice....

....

All I can do is say that it was never intended to be dismissed—

....

—with prejudice....

 Judicial mistakes may not be corrected by nunc pro tunc proceedings. *First National Bank of Collinsville v. Goldfarb,* 527 S.W.2d 427, 430 (Mo.App. 1975). Rendition of the judgment controls and is a judicial act; entering a judgment upon the record is a ministerial act. *Allen v. Gibbons,* 425 S.W.2d 243, 245–46 (Mo. App.1968).

 Rule 67.03 reads, "... any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be *with prejudice unless the court in its order for dismissal shall otherwise specify.*" (Emphasis added.) Rule 67.03 means that a dismissal [with prejudice] is a mechanism for terminating litigation rather than an adjudication of the merits or issues of the case. *Denny v. Mathieu,* 452 S.W.2d 114, 118 (Mo. banc 1970).

 Appellants direct us to *Fields v. Fields,* 584 S.W.2d 163, 165 (Mo.App.1979) in which the court said, "An entry of judgment may be corrected to remedy a *clerical* error or mistake which resulted in an entry that did not actually reflect the judgment rendered." (Emphasis added.) Essentially this case stands for the proposition that a corrected entry may not be used to correct a judicial error, "even though the judgment rendered was not the judgment the judge intended." *Id.*

Appellants' Point I is denied.

Appellants next contend under Point II that Judge Russell acted outside his jurisdiction in overruling a previous decision made by another circuit judge.

Respondent cites Rule 74.02 as grounds for Judge Russell's action. "Every direction of a court or judge, made or entered in writing and *not included in a judgment,* is *denominated* an order, and an application for an order is a motion." (Emphasis added.)

 Appellants argue that Judge Russell had no authority to act on the motion since it had been previously ruled by Judge Bellamy. Both men were circuit judges. Appellants point out that this procedure amounts to one circuit judge reviewing the ruling of another circuit judge, that such creates a "procedural means" and is not conducive to prompt disposition of litigation, and that this process amounts to an appeal to another circuit judge rather than a higher tribunal.

"Missouri does not follow the doctrine that a motion once ruled cannot be reconsidered.... To follow the view urged here by appellant would mean that a trial court could never correct what it ultimately concludes to have been a mistaken judgment even when its jurisdiction over the case remains intact. Such a doctrine would militate against the practical and effective administration of justice." *Rozansky Feed Co., Inc. v. Monsanto Co.,* 579 S.W.2d 810, 813 (Mo.App.1979).

In *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 232 (Mo. banc 1969) the court explicitly set down the Missouri rule as follows:

Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgement becoming final and appealable.

Point II is ruled against appellants.

Respondent raises Point III seeking damages pursuant to Rule 84.19 for frivolous appeal. Damages under Rule 84.19 are considered on a case by case basis and no hard and fast rule as to what constitutes frivolous appeals has been advanced.

The court in *Branson v. Jordan,* 571 S.W.2d 707, 709 (Mo.App.1978), citing *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50 (Mo.App.1975), concludes that in order to avoid the penalty a question raised on appeal must be fairly debatable. Only when the entire record is devoid of merit should an appellate court conclude an appeal was not taken in good faith. *DeMayo v. Lyons,* 243 S.W.2d 967, 970 (Mo.1951); *Wigger v. Consumers Cooperative Association,* 301 S.W.2d 56, 62 (Mo.App.1957).

The court concludes there was a genuine issue regarding the dismissal and subsequent reinstatement of suit CV179-155 CC. Appellants' appeal was not perfected in bad faith, nor for vexation or delay. Point III is ruled against the respondent.

Judgment affirmed.

All concur.