STATE of Missouri, ex rel. Richard
Dean JOHNSON, Relator,

v.

The Honorable Richard J. MEHAN, Judge
of the Circuit Court of the City of St.
Louis, Missouri, Division 8, Respon-
dent.

No. 52975.

Missouri Court of Appeals,
Eastern District,
Division One.

June 23, 1987.

Friedman, Weitzman & Friedman, P.C.,
D. Eric Sowers and Elaine E. Bensavage,
St. Louis, for relator.

Vickers, Moore & Wiest, Eric E. Vickers,
St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

This is a proceeding for a writ of prohibi-
tion to prohibit the respondent, the Honora-
ble Richard J. Mehan, from reversing his
previous order of summary judgment in
favor of relator Richard Dean Johnson, en-
tered on March 9, 1987.

Relator's motion for summary judgment
was argued and taken under submission by
respondent on January 12, 1987, and plain-
tiff was granted ten days to submit author-
ity allowing additional time to file counter-
affidavits in opposition to the motion for
summary judgment after the motion had
been argued and taken under submission
by the court.

On March 6, 1987, plaintiff filed the affi-
davit of Vivian Garrison, as a counter-affi-
davit to relator's motion for summary judg-
ment. Subsequently, on March 9, 1987, the
trial court sustained relator's motion for
summary judgment. Plaintiff then non-
suited its action against all other defend-
ants, leaving only the counterclaims of de-
fendants Taylor-Morley-Simon and Leon
James as viable actions in the case. Plain-
tiff orally moved to disqualify respondent
for cause and this motion was sustained.
Respondent removed himself from the case
and transferred the cause to Division I for
further proceedings.

On March 12, 1987, respondent notified
all counsel of record that he intended to
conduct a hearing on March 18, 1987 on the
question of setting aside his March 9th
order of summary judgment. This was
done even though respondent had removed
himself from the case and it had been
transferred to Division I. At the March

18th hearing respondent announced that it was his intention to consider the counter-affidavit of Vivian Garrison, filed March 6, 1987, nearly two months after the motion for summary judgment was noticed, argued, and submitted to the court for determination. Respondent further announced that the counter-affidavit would be the sole basis for his reversal of his previous interlocutory order of summary judgment.

Relator makes two contentions in support of this writ. First, that the trial court exceeded his jurisdiction in attempting to reverse his March 9, 1987 order granting summary judgment to relator, as he no longer had jurisdiction over the matter since he had disqualified himself and transferred the cause to another judge. Second, that the trial court exceeded his jurisdiction in attempting to consider a counter-affidavit which was not on file before it on the date the hearing on relator's motion for summary judgment was held, as required by Rule 74.04.

A writ of prohibition may be granted to prevent the lower court from acting without or in excess of its jurisdiction. *State ex rel. Hannah v. Seier*, 654 S.W.2d 894 (Mo.1983). Once a change of judge has been entered and the case transferred to another judge the disqualified judge has no further authority in the case and any orders made after the disqualification are void. *Byrd v. Brown*, 613 S.W.2d 695, 699 (Mo.App.1981). In *Byrd*, an order setting aside a default judgment and granting a new trial was held void when made by a judge after he had disqualified himself. However, a trial judge may retain the authority to rule on matters taken under submission and not ruled upon before the disqualification. *Natural Bridge Development v. St. Louis County Water*, 563 S.W.2d 522 (Mo.App.1978).

In the present case, there were no matters under submission when respondent entered the order of disqualification. After an oral motion by plaintiff, Judge Mehan disqualified himself from the case and transferred it to another divisional judge. The change of judge became effective on March 10, 1987 when it was entered in a court memorandum signed by both counsel and the court. Once Judge Mehan removed himself from the case he no longer had jurisdiction in the case. The control over the final disposition of the case vested in the new trial judge. It has been previously held that a judge to whom a case has been assigned upon a change of judge has authority to act on a motion even though that motion has been previously ruled on by another judge. *Richey v. Meter Investments, Inc.*, 680 S.W.2d 381, 384 (Mo.App. 1984).

As a result of not having jurisdiction, Judge Mehan is prohibited from any further action in this proceeding. Having disposed of the issue in this case we need not address relator's second contention.

Writ of Prohibition made absolute.

CRANDALL and KAROHL, JJ., concur.