Beverly DREWEL, et al.,
Plaintiffs/Appellants,

v.

POST MACHINERY CO., INC., et al., Defendants/Respondents.

No. 64309.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1994.

Bill T. Walker, Neil J. Maune, Robert G. Waters, Grnite City, IL, for appellants.

Jerome J. Duff, St. Louis, for Post Machinery.

Debra E. Behrendt, Irving S. Capitel, St. Louis, for Paxall Group and PXL Holdings.

PUDLOWSKI, Judge.

This is an appeal from a dismissal of plaintiffs' amended petition and grant of summary judgment for defendant, Post Machinery Company Inc. (Post). Plaintiffs contend the trial court abused its discretion by dismissing their amended petition and erred in granting Post's motion for summary judgment. We reverse the trial court's dismissal of plaintiffs' amended petition and affirm Post's motion for summary judgment.

Beverly and Charles Drewel (plaintiffs) filed suit for products liability and loss of consortium against Post Machinery on December 15, 1989. The case was assigned to Judge Block. It was first set for trial in September, 1991. The parties motioned to have the case taken off the trial docket and the court granted the request. It was reset for February, 1992. In December, 1991, at the parties request, the matter was removed from the February docket. Trial was then set for May, 1992. In March, 1992, Post motioned for leave of court to join third-party defendants, The Paxall Group, Inc., PXL Holdings Corp. and Robert Hopkins (defendants). The motion was granted and Post then moved to continue the May, 1992 trial date. That motion was also granted and trial was reset for June, 1992. Post then dismissed third-party defendant Paxall and over plaintiffs' objection, requested the case be removed from the active trial docket. The suit was reset for January, 1993. In December, 1992, on the last day prior to the statute of limitations expiring against the then third-party defendants, plaintiffs were granted leave of court to amend their original petition. Plaintiffs named third-party defendants as defendants and joined previously dismissed third-party defendant Paxall as a defendant. Plaintiffs alleged products liability, loss of consortium and negligence against the added defendants, and alleged an additional negligence count to the claims against Post. The case was then transferred to the civil docket and assigned to Judge Campbell. Because of plaintiffs' amendments, defendants motioned the court for another continuance. At the hearing on April 7, 1993, Judge Campbell dismissed plaintiffs' amended petition *sua sponte* stating the amendments were too late. He denied defendants' motion to continue the litigation and set trial for April 26, 1993. Plaintiffs filed a writ of mandamus with this court. It was denied.

Post subsequently filed a motion for summary judgment. When the motion was heard, the original petition, alleging relief for strict products liability, was only before the court. In support of its motion Post submitted an affidavit stating they did not exist at the time the alleged defective machine was manufactured, designed and placed into the stream of commerce. Judge Sweeney found that Post was entitled to judgment as a matter of law and the motion was granted. This appeal followed.

As a threshold matter we first address plaintiffs' argument that Judge Campbell did not have the authority to dismiss the amended pleading once Judge Block granted it. We disagree. Missouri does not follow the rule that a motion once granted cannot be reconsidered. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo. banc 1969). The Missouri Supreme Court opined that logic and justice seem to indicate that the trial court should be permitted to retain control over every phase of a case so that it may correct errors or in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable. *Id.* This rule was applied to a circumstance similar to the one before us today in *Richey v. Meter Investments, Inc.*, 680 S.W.2d 381, 384 (Mo. App.W.D.1984). In *Richey*, the initial judge assigned to the case granted plaintiff's motion. The case was reassigned and the succeeding judge reconsidered and denied the previously granted motion. *Id.* The Western District found the Supreme Court rule cited above vested the second judge with discretion to reconsider the motion. *Id.* The court noted the purpose of the rule is to facilitate the effective administration of justice by allowing the trial court to correct what it ultimately determines to be mistakes in judgment. *Id.* We agree with this analysis. Considering the fact that many cases

are reassigned before a final judgment is rendered, the rule would be of little value if only the deciding judge could reconsider errors. In the present case the trial court still had jurisdiction over the matter and, therefore, Judge Campbell acted within his authority in reconsidering plaintiffs' motion to amend. Plaintiffs' argument is rejected.[1]

■ The operative question in this matter is whether the successor judge abused his discretion in reconsidering and dismissing the amended pleading. We find he did. The determination of whether a trial court abused its discretion in granting or denying leave to amend is best measured in terms of whether justice is furthered or subverted by the course taken. *Scott v. Dowling*, 636 S.W.2d 176, 178 (Mo.App.S.D.1982). A look at the record reveals Post was the party that caused delays in the disposition of this litigation. It motioned to join third-party defendants after the case was already set for trial and more than two years after the petition was filed. The joinder of third-party defendants prompted Post to petition the court to continue the case. The motion was granted. Before plaintiffs moved to amend, Post made two additional motions to have the case continued, both were granted. Plaintiffs did wait until the day the statute of limitations was due to run on their cause of action against third-party defendants but they were prepared to begin the trial in April, 1993. It was Post and the third-party defendants that were asking to have the trial continued when Judge Campbell, on his own initiative, dismissed plaintiffs' approved amended petition. In view of the fact plaintiffs were ready for trial and Post continually motioned for additional time, we find the trial court's decision to dismiss the amended pleading with prejudice did not further justice.

Defendants argue plaintiffs' amendments prejudiced them by changing their status from third-party defendants to defendants. We disagree. Hopkins and PXL were in the case for ten months and had ample time for discovery. Paxall had previously been in the litigation for three months and was represented by the same attorney representing PXL Holdings. This is not a situation where defendants were brought into a suit at the last minute without opportunity to prepare for trial. We view this as a change in the designation of parties defendant. Defendants were not prejudiced by being directly named as defendants in the suit and their argument is rejected.

■ In addition to the joinder, plaintiffs added a negligence count to the already existing products liability and loss of consortium claims. Defendants argue this additional claim is a new theory of liability that would require extensive discovery and, therefore, the amendment prejudiced them. We disagree. Although strict liability and negligence are separate and distinct theories, the same operative facts may support recovery under either theory. *Spuhl v. Shiley, Inc.*, 795 S.W.2d 573, 577 (Mo.App.E.D.1990). The third-party defendants were aware of the operative facts for eight months before the petition was amended, had four months to prepare a defense to the negligence claim but they did not engage in additional discovery once joined as direct defendants. The only additional discovery by Post was the deposing of the co-plaintiff. We also note the addition of the negligence claim increased the burden of proof and that burden was on plaintiffs, yet they were ready for trial. We find defendants were not prejudiced by the addition of the new count and their argument is rejected.

■ The judge did not give a reason for dismissing the amended petition except to say it was too late. Defendants cite Missouri Supreme Court Administrative Rule 17 as a possible reason for Judge Campbell's decision to dismiss the pleading. The rule sets out mandatory time frames for disposition of

1. Defendants assumed this court's denial of plaintiffs' writ of mandamus indicated this court considered the facts and found Judge Campbell was acting within his discretion. Although we do find the trial court's reconsideration of the amendment was within its discretion, we disagree with defendants assumption. A writ of mandamus will not be issued where there is an adequate ordinary remedy, and particularly so when the remedy is by way of appeal. *State ex rel. Pisarek v. Dalton*, 549 S.W.2d 904, 905 (Mo. App.1977). Mandamus does not usually lie to review rulings relating to the pleading. *Id.*

cases. *Id.* We disagree with defendants' contention for two reasons. First, the rule states that non-compliance is not grounds for dismissal. Missouri Supreme Court Administrative Rule 17.04. Second, the rule was not in effect when the pleadings were dismissed. The rule, adopted in November 1992, was not due to be phased in until July, 1993. Rule 17.15. The pleadings were dismissed in April, 1993. Furthermore, the rule was being phased in to avoid arbitrary results. It does not comport with justice to allow one side to cause continual delays and then deny the other party's motion in order to comply with a mandatory time frame.

For the aforementioned reasons we find the trial court abused its discretion. The order dismissing plaintiffs' amended petition is reversed.

■ Plaintiffs' second point on appeal argues the trial court erred in granting Post's motion for summary judgment. We disagree. In a motion for summary judgment the moving party bears the burden of proving they are entitled to judgment as an matter of law. *ITT Commercial Finance v. Mid–America Marine Supply,* 854 S.W.2d 371, 381 (Mo. banc 1993). The moving party can establish this right through affidavits, depositions and pleadings. *Id.* Once the moving party establishes a *prima facie* right to judgment as a matter of law, the burden shifts to the non-moving party and they then must come forward with sworn evidence to negate the moving party's *prima facie* case. *Id.*

■ Plaintiffs' original petition stated a cause of action for strict products liability. Under § 537.760 RSMo 1986, the defendant must be in the stream of commerce before it can be subject to strict products liability for a defective product. Post submitted an affidavit stating they did not exist at the time the machine was manufactured, designed and installed at plaintiff's employer. If Post did not exist they could not have been in the stream of commerce as required by the statute. Post's affidavit made a *prima facie* case and the burden shifted to plaintiffs. Plaintiffs did not come forward with any sworn evidence to refute Post's *prima facie* case.

Consequently, Post was entitled to summary judgment.

In their third point plaintiffs argue the trial court erred in dismissing Jefferson Smurfit Corporation, plaintiff Beverly Drewel's employer, from the cause of action. At the beginning of oral argument before this court plaintiffs' attorney declared that the issues relating to Jefferson Smurfit were moot. We agree. Point denied.

Defendants motioned this court to have portions of plaintiffs' reply brief stricken. We have considered the motion and it is denied.

The dismissal of the amended petition as to the additional count of negligence against Post is reversed. The dismissal of the amended petition against PXL Holdings, the Paxall Group and Robert Hopkins is reversed. The trial court's grant of summary judgment in favor of defendant Post on the original petition of allegations of product liability is affirmed.

This matter is remanded for further proceedings on plaintiffs' amended petition. Costs assessed against all of the defendants.

SIMON, P.J., and KAROHL, J., concur.