**David K. RHODUS, Appellant,**

v.

**Leslie R. McKINLEY, Respondent.**

**No. WD 53884.**

Missouri Court of Appeals,
Western District.

May 26, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1998.

Application for Transfer Denied
Aug. 25, 1998.

---

David Holdsworth, Liberty, for Appellant.

Richard Koury II, Independence, for Respondent.

SPINDEN, Judge.

David Rhodus appeals the division of property by a circuit court commissioner in the commissioner's dissolution of Rhodus' marriage to Leslie McKinley. McKinley cross-appeals the commissioner's reopening of the original property award and the award of attorney fees to Rhodus. We dismiss the appeal for lack of jurisdiction.

Rhodus and McKinley were married on October 17, 1992. On September 22, 1995, The Honorable Michael W. Walker, Commissioner, entered a "judgment of dissolution" to dissolve the marriage and to distribute marital and nonmarital property. On October 6, 1995, Rhodus asked for a rehearing by the circuit court pursuant to § 487.030, RSMo Supp.1995. The circuit court denied the request. On November 17, 1995, Rhodus, citing Rule 75.01, asked the circuit court to vacate the judgment of dissolution. He claimed discovery of assets not divided in the judgment of dissolution. On November 20, 1995, Commissioner Walker deemed Rhodus to be asking for relief under Rule 73.01(a).

Commissioner Walker heard evidence regarding Rhodus' motion on February 8 and 9, 1996, and, on February 14, 1996, sustained the motion. Commissioner Walker ordered that the judgment of dissolution be reopened to hear additional evidence to determine the value of four items of marital property and to allow Rhodus to "update his claim for attorney fees made during the hearing of February 9, 1996."

On September 24, 1996, Commissioner Walker heard evidence concerning Rhodus' claim for attorney fees and decided to consider Rhodus' and McKinley's written statements concerning values of the undivided property. On December 30, 1996, Commissioner Walker determined that Rhodus was entitled to $3100 of McKinley's pension plan and bank accounts, and he awarded Rhodus $20,506.78 in attorney fees.

Rhodus appeals the commissioner's determination in the first division of property on September 22, 1995. He contends that the commissioner erred in determining the value of livestock and improperly distributed to him as marital property the "pay down" on a business debt. He also contends that the commissioner erred in his December 30, 1996, property division by not awarding him a portion of McKinley's gain sharing plan. McKinley cross-appeals. She contends that the commissioner's award of December 30, 1996, was void because Rhodus did not file his motion to vacate on time. In the alternative, she contends that the commissioner abused his discretion by awarding Rhodus more than $20,000 in attorney fees when the additional property award was only $3100. She also asserts that the commissioner erred in not distributing marital assets in Rhodus' bank accounts, and, therefore, the matter is not ripe for appeal. We dismiss the appeal for lack of jurisdiction.

We consider the issue of jurisdiction *sua sponte*. The finality of a judgment is a prerequisite for appellate review. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994).

This court has no jurisdiction to consider appeal of a "judgment" signed by a court commissioner because a commissioner is not a person selected for office in accordance with, and authorized to exercise judicial power by, Article V of Missouri's Constitution. *Slay v. Slay*, 965 S.W.2d 845, 845 (Mo. banc 1998). Both the "judgment" dated September 22, 1995, and the one dated December 30, 1996, were signed by a circuit court commissioner. We find no other judgment; hence, we have no jurisdiction to consider this appeal.

In his concurring opinion in *Slay*, Judge Holstein noted that "section 487.030.2 gives a party a statutory right to seek timely review of the commissioner's decision by requesting a hearing by an article V judge, and failure to seek such review is a waiver of any

further judicial review of the issues decided." *Id.* at 847 (Holstein, J., concurring). Although Rhodus filed a motion for rehearing by a circuit court judge of the first "judgment of dissolution" dated September 22, 1995, the circuit court did not denominate its ruling a "judgment." We found only a docket entry dated October 20, 1995, which said, "Motion for rehearing taken up & denied. Findings & recommendations adopted & confirmed." Notwithstanding the provisions of § 487.030, we cannot deem this docket entry to be a judgment. This is because the court did not denominate it a judgment, and the Supreme Court has interpreted its rules as prohibiting consideration of an order not denominated a judgment as a final, appealable judgment.

The Missouri Constitution authorizes the Supreme Court to "establish rules relating to practice, procedure and pleading for all courts ... which shall have the force and effect of law." Article V, § 5 (1945). Rule 41.02 says that a rule promulgated in accordance with Article V, § 5, "supercede[s] all statutes and existing court rules inconsistent therewith[,]" and "if there is a conflict between [the Supreme Court's] rules and a statute, the rule always prevails if it addresses practice, procedure or pleadings." *State ex rel. Union Electric Company v. Barnes,* 893 S.W.2d 804, 805 (Mo. banc 1995).

Rule 74.01(a), which was amended in 1995, says:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge *and denominated "judgment"* is filed. The judgment may be a separate document or included on the docket sheet of the case.[1]

Interpreting Rule 74.01(a) and whether a writing constitutes a final, appealable judgment, the Supreme Court has instructed:

> [T]he written judgment must be signed by the judge and must be designated a "judgment." Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing

in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court. Depending upon the text, mere use of the word "judgment" in the body of the writing or docket entry may not suffice.

*City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). Nowhere in the docket entry does "judgment" appear.

We, therefore, do not have an identifiable final, appealable judgment to review. We dismiss the appeal.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.