**Robert L. KECK, Jr.,**
**Petitioner/Appellant,**

v.

**Patricia A. KECK,**
**Respondent/Respondent.**

No. 75021.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 11, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 23, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Charles M.M. Shepherd, Gregory M. Gantz, Shepherd, Lake & Taylor, L.L.P., Clayton, for appellant.

Stephen R. Fleddermann, St. Charles, for respondent.

## OPINION

JAMES R. DOWD, Presiding Judge.

This is an appeal from a judgment and order signed by the Honorable Frank Conard, the presiding judge of the Family Court Division of St. Charles County on August 26, 1998 which purported to convert the Findings and Recommendations for Judgment and Decree of Dissolution rendered by Family Court Commissioner Davis on October 17, 1996 into a final judgment. Appeal dismissed.

### I. Background

Robert and Patricia Keck were married on August 20, 1988. The marriage produced two children: Daniel, born April 3, 1989, and Kira, born February 11, 1991. On February 1, 1993, the parties separated. On February 17, 1993, Robert filed a petition for dissolution of marriage.

The dissolution action was heard by a Commissioner in the Circuit Court of St. Charles County. On October 17, 1996, the commissioner rendered Findings and Recommendations for Judgment and Decree of Dissolution. On November 7, 1996, Robert filed a Motion for Hearing by Judge pursuant to section 487.030 RSMo Supp.1996. The trial court denied the motion on November 19, 1996 but did not adopt or confirm the commissioner's findings and recommendations.

Robert appealed the purported judgment to the supreme court, which transferred the case to this Court. This Court dismissed the appeal for lack of a final judgment because the circuit court judge had not adopted the commissioner's decision. *Keck v. Keck,* 969 S.W.2d 765, 766 (Mo.App. E.D.1998).

On June 29, 1998, Robert filed a joint Motion for Trial Setting and Motion for Enforcement of Judgment of July 3, 1995. These motions were designed to obtain a trial of the dissolution action by a circuit judge or associate circuit judge in accordance with section 452.420 RSMo 1994 and to seek enforcement and application of a judgment entered on July 3, 1995 entitled "PDL Findings, Order and Judgment." On July 1, 1998, Patricia responded by filing a Motion for Nunc Pro Tunc in which she argued that the commissioner's decision should be designated a final judg-

ment. On August 26, 1998, the trial court entered a Judgment and Order to Correct Judgment and Decree of Dissolution by Interlineation, which stated in part as follows:

> [P]ursuant to Rule 74.06(a), the court hereby corrects by interlineation the title of the decree of dissolution entered October 17, 1996, to read as follows: "Judgment and Decree of Dissolution". The corrected title replaces the original title of the decree which had erroneously read "Findings and Recommendations for Judgment and Decree of Dissolution". All other aspects of the court's judgment, including date of entry of the judgment as October 17, 1996, remains [sic] unchanged by this order.

Robert now appeals from this "judgment."

## II. Analysis

■ The issue is whether the trial court's August 26, 1998 "Judgment and Order" converted the commissioner's decision into a final appealable judgment. Nunc pro tunc amendment allows a court to correct clerical errors in its judgment even after it has lost jurisdiction over the case. Rule 74.06(a).

> The purpose of a nunc pro tunc amendment is to correct clerical mistakes made in recording the judgment rendered. It is improper to use a nunc pro tunc order to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do. Furthermore, to warrant the use of a nunc pro tunc order, the correction must be supported by a writing in the record which indicates the intended judgment is different from the one actually entered.

*Javier v. Javier*, 955 S.W.2d 224, 225–26 (Mo.App. E.D.1997) (internal citations and quotations omitted); *see also Pirtle v. Cook*, 956 S.W.2d 235, 240 (Mo. banc 1997). Here, the order nunc pro tunc accomplishes far more than correcting a clerical mistake; it purports to retroactively transform the commissioner's findings and rec-

ommendations into a final appealable judgment. Moreover, the record contains no writing to support this "correction." While the court may have believed that pursuant to section 487.030 RSMo Supp. 1996, the commissioner's findings and recommendations became the judgment of the court, our supreme court recently held that provision of the statute unconstitutional. *Slay v. Slay,* 965 S.W.2d 845 (Mo. banc 1998); *Slay,* 965 S.W.2d at 846 (Holstein, J., concurring) ("[T]he sentence in sec. 487.030.1 purporting to transmogrify the findings and recommendations of a commissioner into a 'judgment of the court' is a nullity."). Here, the court apparently was under the mistaken belief that denying Robert's motion for hearing by judge would transmogrify the commissioner's findings and recommendations into a final judgment by operation of law. The court's mistaken belief in the validity of the statute, however, constitutes a judicial error, not a clerical error, and therefore cannot serve as a basis for an amendment nunc pro tunc. Accordingly, we hold that the trial court exceeded its authority under Rule 74.06(a) in attempting to convert the commissioner's findings and recommendations into a final judgment by nunc pro tunc amendment.

In addition, the nunc pro tunc mechanism is particularly inappropriate where, as here, it is used to create a judgment. The trial court specifically held in its writing of August 26, 1998 "that all other aspects of the court's judgment, including *date of entry of the judgment* as October 17, 1996, *remains* [sic] *unchanged by this order."* (emphasis added). If followed, the order would violate the express language of Rule 74.01(a), which provides "[a] judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed."

Allowing the use of Rule 74.06(a) to create a retroactive judgment undermines the express language of Rule 74.01(a) and the reasons for its creation. Rule 74.01(a)

establishes a bright-line standard designed to notify all parties with certainty that the court has entered judgment. Entry of judgment is a significant legal occurrence. The date a judgment is rendered is significant because it is the date from which the timeliness vel non of post-trial and appellate filings is measured. *See* Rule 75.01; Rule 78.04; Rule 81.05. To allow the rendition of judgment at times other than when entered would create tremendous uncertainty throughout the post-trial and appellate process.

The appeal is dismissed.[1]

LAWRENCE G. CRAHAN and
RICHARD B. TEITELMAN, JJ., *concur*.

---

1. Patricia's motion to dismiss Robert's appeal, which was taken with the case, is denied.