**Evonne K. RHODELANDER and John M. Rhodelander, Appellants,**

v.

**LIBERTY CHRISTIAN FELLOWSHIP, et al., Respondents.**

**No. WD 56408.**

Missouri Court of Appeals, Western District.

July 27, 1999.

Charles L. House, Kansas City, for appellants.

Shelly L. Freeman, Kansas City, for respondents.

Before: EDWIN H. SMITH, P.J., and SPINDEN, J., and TURNAGE, Sr.J.

EDWIN H. SMITH, Presiding Judge.

Evonne K. (Evonne) and John M. (John) Rhodelander appeal the summary judgment of the circuit court in favor of the respondent, Liberty Christian Fellowship, on Evonne's claim against the respondent for the intentional failure to supervise clergy and on John's ancillary claim for loss of consortium.

In their sole point on appeal, the appellants claim that the trial court erred in granting summary judgment to the respondent on their claims because it was not entitled to judgment as a matter of law in that there was a genuine dispute of material facts as to whether: (1) it was

aware of any substantial risk of harm that the clergy member it allegedly failed to supervise presented to Evonne; and (2) if such risk did exist, it disregarded it.

We affirm.

## Factual Background

The respondent operates a non-denominational Christian church located in Liberty, Missouri. The church was founded by Kim May, who serves as the Senior Pastor and a member of the Board of Directors. In June 1995, the appellants became members of the church. Beginning in September 1995, Evonne was employed by the respondent as a secretary. On April 28, 1996, Evonne was admitted to Independence Regional Health Care Center following an overdose of the drug Xanax. Although she was diagnosed as suffering from depressive disorders, she was released from the hospital on April 30, 1996. Because Pastor May believed that she was still in need of professional counseling and treatment, he suggested that Evonne consult with a psychologist at Midwest Christian Counseling. Following her visit to the psychologist, Evonne was admitted to Research Medical Psychiatric Center (the Center) on May 2, 1996.

On May 3 and May 6, 1996, Pastor May visited Evonne at the Center. During his May 6 visit, Evonne repeatedly asked him to touch and hold her, and to lay in bed with her. Pastor May believed that Evonne was attempting to seduce him and considered this behavior to be out of the ordinary for her. She was released from the Center shortly after this visit but was readmitted sometime later in May. On May 20, 1996, following her second admission to the Center, Pastor May and David Cook, an associate pastor at the church, went to visit her. Pastor May took Pastor Cook along on this visit as a result of Evonne's strange behavior during his previous visit. Neal Weatherford, another associate pastor from the church, also visited Evonne on May 20, 1996. During this visit, he and Evonne went into a public room and talked. After talking for approximately an hour, they had a sexual encounter. Over the next several weeks, after her release from the Center, she and Weatherford had three other consensual sexual encounters.

## Procedural History

On April 11, 1997, the appellants filed an eight-count petition for damages. Evonne stated claims against the respondent and Weatherford for negligence and assault and battery, and John stated ancillary claims for loss of consortium based on each of Evonne's claims. In their petition, the appellants claimed that the sexual encounters that had taken place between Evonne and Weatherford were sexual assaults. On February 4, 1998, the appellants filed a first amended four-count petition wherein Evonne stated claims against the respondent for intentional failure to supervise clergy and against Weatherford for assault and battery and John stated ancillary claims for loss of consortium based on each of Evonne's claims. As to their claim against the respondent, the appellants contended that the respondent was liable for damages because it failed to follow its own policies in allowing Weatherford to meet alone with Evonne and because it failed to warn Weatherford of Evonne's attempt to seduce Pastor May while he was visiting her on May 6, 1996.

On June 18, 1998, the respondent filed a motion for summary judgment. In its motion, it alleged that it was entitled to judgment as a matter of law because, under the undisputed facts, the appellants could not show that it knew that Weatherford presented a risk of harm to Evonne or that it disregarded any such risk in that he had no history of sexual misconduct or a known propensity for sexual misconduct of which it was aware. In their response to the motion, the appellants alleged that there was a genuine issue of material fact as to whether the respondent was aware of a risk of harm posed by Weatherford and

the respondent disregarded it sufficient to defeat the respondent's motion.

On July 23, 1998, a hearing was held on the respondent's motion for summary judgment. After hearing arguments on the motion, the trial court, the Honorable David W. Russell, sustained the motion. The trial court made an entry on its docket sheet indicating that judgment was entered for the respondent as to the appellants' claims against it for intentional failure to supervise clergy.[1] On August 7, 1998, the appellants made a motion to set aside the judgment or, in the alternative, for a new trial, which was denied. On September 28, 1998, the court dismissed without prejudice the remaining counts for assault and battery against Weatherford.

This appeal follows.

### Standard of Review

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (citations omitted). When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* (citations omitted). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 377.

### I.

■ In their sole point on appeal, the appellants claim that the trial court erred in granting summary judgment to the respondent on their claims against it based on an intentional failure to supervise clergy because it was not entitled to judgment as a matter of law in that there was a genuine dispute of material facts as to whether: (1) it was aware of any substantial risk of harm that Weatherford presented to Evonne; and (2) if such a risk existed, it disregarded it. We disagree.

■ To be entitled to summary judgment under Rule 74.04,[2] the respondent was required to show that: (1) there was no genuine dispute as to the material facts on which the respondent relied for summary judgment; and (2) the undisputed facts demonstrated that it was entitled to judgment as a matter of law. Rule 74.04; *ITT Commercial Fin.*, 854 S.W.2d at 380. If the movant for summary judgment is a defending party, as is the case here, it can establish a *prima facie* case for summary judgment by one or more of the following three means: (1) alleging facts which, if true, would negate any one of the appel-

---

1. The docket entry indicating that judgment was entered for the respondent is followed by what appear to be the trial court's initials. Initials can be sufficient to satisfy the signature requirement of Rule 74.01(a). *Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App. 1996). Here, it is difficult to determine whether the docket entry was, in fact, initialed by the trial court in that the apparent initials are illegible. As neither party raises the issue, we will assume that the initials are sufficient to satisfy Rule 74.01. However, we note that, in the future, it might be a better practice to sign a docket entry judgment so as to avoid any confusion.

2. All rule references are to the Missouri Rules of Civil Procedure (1998), unless otherwise indicated.

lants' required proof elements; (2) showing that the non-movant, after an adequate period of discovery, has not produced and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the appellants' elements; or (3) showing that there is no genuine dispute as to existence of each fact necessary to support a properly pleaded affirmative defense. *ITT Commercial Fin.*, 854 S.W.2d at 381. "Regardless of which of these three means is employed by the 'defending party,' each establishes a right to judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper." *Id.*

■ To state a claim against the respondent for intentional failure to supervise clergy based on Weatherford's alleged sexual assault of Evonne, the appellants were required to allege that: (1) he was under the supervision of the respondent; (2) the respondent knew that he was certain or substantially certain to harm Evonne; (3) the respondent disregarded this known risk by failing to take any action to protect Evonne; (4) the respondent's inaction caused damage to Evonne; and (5) the harm occurred on premises owned by the respondent or while Weatherford was using property owned by the respondent. *Gibson v. Brewer*, 952 S.W.2d 239, 247–48 (Mo. *banc* 1997).

In the respondent's motion for summary judgment, it employed the first and second means for making a *prima facie* case for summary judgment by: (1) alleging facts which, if true, would negate two of the appellants' required proof elements; and (2) showing that the appellants had not produced and would not be able to produce evidence sufficient to establish the proof elements of their case. Specifically, it alleged in its motion that it was undisputed that Weatherford had no history of sexual misconduct or a known propensity for sexual misconduct that was certain or substantially certain to harm Evonne of which it could have been aware and disregarded. From this, the respondent argues that,

necessarily, the appellants could not establish elements two and three of their proof elements for a claim of intentional failure to supervise clergy, entitling it to summary judgment. As such, we find that the respondent made a *prima facie* case for summary judgment.

■ Having determined that the respondent made a *prima facie* case for summary judgment, we must next determine whether the appellants rebutted it. This is so in that once the movant has met the burden imposed by Rule 74.04(c) for establishing a *prima facie* case for summary judgment, the burden then shifts to the non-movant to show that the movant was not entitled to summary judgment. *ITT Commercial Fin.*, 854 S.W.2d at 381. If the burden does shift, the non-movant must "show—by affidavit, depositions, answers to interrogatories, or admissions on file—that one or more of the material facts shown by the movant to be above any dispute is, in fact, genuinely disputed," or that, under the undisputed facts, the respondent was not entitled to judgment as a matter of law. *Id.*

In their response to the respondent's motion for summary judgment, the appellants alleged that there was a genuine dispute as to the material facts on which it relied for summary judgment, which would preclude summary judgment for the respondent. In doing so, they relied on the deposition testimony of Pastor May that: (1) he was aware that Evonne, while a patient at the Center, was displaying unusual behavior and was inclined to engage in aberrant sexual contact with a church pastor; and (2) he believed Evonne would be harmed if she engaged in extramarital sexual contact. From this, they argue that the respondent was aware that Evonne was likely to engage in sexual contact with any pastor who went to visit her alone and that such sexual contact would be harmful to her. They contend that this testimony was sufficient to create a genuine dispute as to whether the respondent was aware that Weatherford presented a substantial risk of harm to Evonne if he visited her in

the Center without a chaperone, and that it disregarded the same, which was sufficient to defeat the respondent's motion for summary judgment. We disagree.

Nowhere in their petition or in their response to the respondent's motion for summary judgment did the appellants allege that the respondent knew that Weatherford was certain or substantially certain to harm Evonne due to *his* dangerous proclivities or any propensity on *his* part to engage in sexual misconduct. Instead, they alleged that the respondent knew that *Evonne* had displayed aberrant sexual behavior during a visit with Pastor May and was likely to engage in illicit sexual behavior if left alone with a pastor. This is insufficient to establish that the respondent knew that Weatherford presented a substantial risk of harm to Evonne, which was disregarded by the respondent. This establishes simply that the danger of which the respondent allegedly should have been aware was caused by Evonne, not Weatherford. Hence, the appellants failed to establish, as required to defeat the respondent's motion, that a genuine dispute of material fact existed as to whether: (1) it was aware that the member of its clergy, Weatherford, presented a substantial risk of harm to Evonne; and (2) if such risk existed, it disregarded it.

Because the appellants failed to rebut the respondent's *prima facie* case for summary judgment, the trial court did not err in granting summary judgment to the respondent on their claims based on intentional failure to supervise clergy.

Point denied.

## Conclusion

For the reasons stated, the summary judgment of the trial court in favor of the respondent on the claims of the appellants is affirmed.

All concur.