In the Interest of Corey Joe PROUGH.

No. WD 56880.

Missouri Court of Appeals,
Western District.

Dec. 7, 1999.

Jeffrey Dawson, El Dorado Springs, for appellant.

James Lee Guthrie, Jr., Nevada, for respondent.

PAUL M. SPINDEN, Presiding Judge.

Brad and Janet Scott appeal the circuit court's dismissal of their petition for transfer of custody and adoption of Corey Prough with prejudice. Because the circuit court's dismissal did not satisfy Rule 74.01(a), we dismiss the appeal.

When Corey Prough's biological mother was killed in an automobile accident, his biological father, Brad Scott, filed a writ of *habeas corpus* action in Vernon County circuit court seeking custody of Corey. The court granted to Roger and Carol Prough, relatives of the deceased mother, full custody of the boy and granted Brad Scott visitation rights.[1]

On November 18, 1996, Brad and Janet Scott filed a petition for transfer of custody and adoption of Corey in St. Clair County's circuit court. The Proughs filed a motion to dismiss the action. Instead of ruling on the motion to dismiss, the St. Clair County circuit court ordered that the petition for transfer of custody and adoption be transferred to Vernon County.

On December 21, 1998, the Scotts voluntarily dismissed their petition for transfer of custody and adoption pending in Vernon County. The Proughs renewed their motion to dismiss and requested that the dismissal be with prejudice. After a hearing, the circuit court made this entry on January 29, 1999, on its docket sheet, "In the [interest] of judicial economy motion to dismiss with prejudice is sustained. All matters relative to Corey Joe Prough can be litigated fully & fairly in the pending adoption case originally properly filed in Vernon County."[2] Following the docket entry were the judge's handwritten initials. The Scotts filed notice of appeal with this court on February 22, 1999.

On March 30, 1999, this court sent both parties a letter which said:

---

1. Although the legal file did not contain any of the documents pertaining to the writ of *habeas corpus* action, the parties agree as to these facts.

2. Apparently, the Proughs also had a petition for adoption of Corey Prough pending in the Circuit Court of Vernon County.

The record on appeal reflects an appeal from a docket entry entered on January 29, 1999. The docket entry is not denominated "judgment" as required by Rule 74.01(a) and therefore it appears this Court is without appellate jurisdiction. *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo. banc 1997).

If Appellant does not file a supplemental legal file containing a document denominated "judgment" by April 12, 1999, this case will be presented to the Court for entry of an order dismissing the appeal for lack of an appealable judgment.

In response to this letter, the Scotts filed a document entitled, "Notice of Entry, Order or Judgment by Court." The document contained the docket entry and was signed by a deputy clerk of Vernon County. The document, however, did not contain the circuit court judge's signature or handwritten initials.

Rule 74.01(a) says:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. A judgment may be a separate document or included in the docket sheet of the case.

In this case, we do not have a writing signed by a judge and denominated a judgment. We have a docket entry initialed by the judge but not denominated a judgment, and we have a document denominated a judgment but not signed or initialed by the judge. Although initials added to a handwritten docket entry is a sufficient signing to authenticate the entry as the act of the judge for the purposes of Rule 74.01(a), *Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App.1996), the judge in this case did not initial anything which had been denominated a judgment.

Because the circuit court's order was not a judgment under Rule 74.01(a), we lack jurisdiction and dismiss the Scotts' appeal. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852 (Mo. banc 1997).

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.