James A. BALLINGER, Appellant,

v.

Herbert and Sally RHEES, et al., Defendants,

and

Clay County, Missouri, Respondent.

No. WD 56830.

Missouri Court of Appeals, Western District.

June 13, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2000.

Larry D. Coleman, Kansas City, for appellant.

Timothy J. Flook, Liberty, for respondent.

Before: LAURA DENVIR STITH, P.J., and SPINDEN and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

The circuit court denied James A. Ballinger leave to file a third amended motion

to modify his child support obligation. Ballinger appeals the circuit court's denying him permission to file a third amended motion. Because the circuit court did not enter a judgment, we lack jurisdiction and dismiss the appeal.

The record on appeal contains a docket entry from November 24, 1998, which reads: "[Ballinger] by [attorney]. Clay [County] by [attorney]. Motion to dismiss taken up and sustained. JW[.]" On the same day, the following entry reads: "Request to file 3rd [amended] motion denied. JW[.]" On January 12, 1999, the docket contains the following entry: "[Court] finds its ruling of 11/24/98 is final and appealable forthwith. JW[.]" On March 23, 1999, the circuit court issued an "Order Amending Judgment Nunc Pro Tunc," which purported to amend the "judgment" of January 12, 1999, such that " 'there is an express determination of no just reason to delay entry of judgment' with respect to the [c]ourt's ruling of November 24, 1998."

The circuit court appropriately called the November 24, 1998, dismissal and denial of permission to amend a "ruling"—it certainly did not constitute a judgment. Unless a judge signs the docket entry or separate document and labels it "judgment" or "decree," the circuit court's action has no effect. Rule 74.01(a). It is clear that the circuit court intended for its decision to be appealable; however, the supreme court held in *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997), that the requirement that the circuit court denominate its ruling as a "judgment" was not a mere formality. We have previously discussed the significance of this requirement. *See In the Interest of Prough*, 8 S.W.3d 186 (Mo.App. W.D.1999); *Rhodus v. McKinley*, 972 S.W.2d 557, 559 (Mo.App. W.D.1998); *Jenkins & Assocs., Inc. v. Quick Elec., Inc.*, 971 S.W.2d 867, 869 (Mo.App. W.D.1998).

The circuit court's nunc pro tunc order is likewise ineffective because a nunc pro tunc order can correct only clerical errors in judgments. Rule 74.06(a); *Keck v. Keck*, 996 S.W.2d 652, 654 (Mo.App. E.D.1999). Since the docket entries did not constitute a judgment, any amendment of them, in substance or form, is similarly invalid. As stated in *Keck*, an attempt to create a retroactive judgment by means of a nunc pro tunc order "undermines the express language of 74.01(a) and the reasons for its creation." *Id.* at 655.

We do not have jurisdiction because the circuit court did not enter a judgment. Therefore, we dismiss the appeal.[1]

LAURA DENVIR STITH, P.J., and SPINDEN, J., concur.

---

1. Respondent has also filed a motion for sanctions. The motion is denied.