Jean D. BAKER, Respondent,

v.

Robert J. BAKER, Appellant.

No. ED 81083.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 29, 2002.

Robert J. Baker, Hazelwood, pro se.

Mary Ann Weems, Clayton, for respondent.

GLENN A. NORTON, Judge.

Robert Baker appeals the trial court's order to pay his former wife's attorney fees. Because the order is not a final judgment, we dismiss the appeal.

## I. BACKGROUND

In 2000, Baker appealed a child support order. Baker's former wife filed a motion with the trial court seeking attorney fees for the appeal in the amount of $6,000. The trial court entered an order sustaining the motion, but did not designate the order as a judgment. Thereafter, the trial judge, Judge Samuel J. Hais, disqualified himself from any further proceedings in the case, and the case was reassigned to Judge Dennis N. Smith.

Judge Smith properly found that Judge Hais's original order granting attorney fees was not a judgment because it was not denominated a "judgment." Judge Hais then entered another order that purported to amend the original order to include the word "judgment," stating that creating a judgment "had been the court's original intention" and that the word judgment "had been inadvertently omitted by a clerical error." Judge Smith then entered an order stating that it was the intention of Judge Hais to enter a final judgment when the original order for attorney fees was entered, and that he was amending the order "nunc pro tunc by adding the word 'judgment.'"

Baker appeals Judge Smith's order.

## II. DISCUSSION

■ While husband enumerates three points relied on, his sole point of error on appeal is a challenge to the trial court's award of attorney fees. Baker is *pro se* but is held to the same standard regarding his brief as a licensed attorney. *See*

*Coyne v. Coyne,* 17 S.W.3d 904 (Mo.App. E.D.2000). Allegations not properly briefed shall not be considered in any civil appeal. Rule 84.13(a). Therefore, we will review only Baker's allegation that the trial court erred in awarding attorney fees.

■ "A judgment is entered when a writing signed by the judge and denominated 'judgment'" is filed. Rule 74.01(a).[1] No matter where the word judgment appears, it must be clear from the writing of the trial court that the document is being called a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

The word judgment does not appear in Judge Hais's original order granting attorney fees. Therefore, it was not a final judgment.

■ In an effort to make this order a final judgment, Judge Hais entered an order declaring that it had been the court's intention to designate the original order a judgment. However, Judge Hais had already disqualified himself from any further proceeding in the case and the case had been reassigned to Judge Smith. Once a judge has been disqualified and the case transferred to another judge the disqualified judge has no further authority in the case and any orders made after the disqualification are void. *Byrd v. Brown,* 613 S.W.2d 695, 699–700 (Mo.App. S.D.1981); *see also State ex rel. Johnson v. Mehan,* 731 S.W.2d 887, 888 (Mo.App. E.D.1987). While a trial judge may retain the authority to rule on matters taken under submission and not ruled upon before the disqualification, he may not consider matters that have previously been ruled on. *Johnson,* 731 S.W.2d at 888. Once Judge Hais removed himself from the case, he no longer had jurisdiction. The order attempting to amend the original order granting attorney fees is void.

1. All rule references are to the Missouri Supreme Court Rules (2001).

Judge Smith also attempted to amend the original order granting attorney fees to create a final judgment under the doctrine of *nunc pro tunc*. A *nunc pro tunc* order causes the record to reflect the true judgment of the court. *See Pirtle v. Cook,* 956 S.W.2d 235, 241 (Mo. banc 1997).

> The purpose of a *nunc pro tunc* amendment is to correct clerical mistakes made in recording the judgment rendered. It is improper to use a *nunc pro tunc* order to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do.

*Keck v. Keck,* 996 S.W.2d 652, 654 (Mo. App. E.D.1999). Judge Smith's order was clearly meant to correct judicial inadvertence in failing to denominate the original order a "judgment," and to show what the court intended to do. *Nunc pro tunc* cannot be used to create a judgment. *Id.* Therefore, Judge Smith's *nunc pro tunc* order did not convert the original order granting attorney fees to a judgment.

A prerequisite to appellate review is that there be a final judgment. *In re Marriage of Werths,* 33 S.W.3d 541, 542 (Mo. banc 2000). If there is no final judgment, then this Court must dismiss the appeal. *Id.*

## III.  CONCLUSION

No appealable judgment exists in this case, and the appeal is dismissed.[2]

WILLIAM H. CRANDALL, P.J., and SHERRI B. SULLIVAN, J. concurring.

---

**2.** Baker's motion for sanctions and attorney fees, which was taken with the case, is denied.