**Gary DIECKHOFF, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 63163.**

Missouri Court of Appeals,
Western District.

July 13, 2004.

Susan Lynn Hogan, Appellate Defender Office, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels and Leslie McNamara, Office of Attorney General, Jefferson City, for respondent.

**RONALD R. HOLLIGER, Judge.**

Gary Dieckhoff entered a plea of guilty and was convicted of two counts of statutory sodomy in the first degree, Section 566.062, RSMo., for having deviate sexual intercourse with a minor. He now appeals the denial of his Rule 24.035 motion without an evidentiary hearing. Because there is no judgment in conformance with Rule 74.01, the appeal is dismissed.

A motion under Rule 24.035 is a civil proceeding. Subsection (j) requires the court to make Findings of Fact and Conclusions of Law whether or not an evidentiary hearing is held. Subsection (k) of that Rule provides that an order sustaining or denying a motion under the rule shall be considered a final judgment for purposes of appeal. Finality of judgments is governed by Rule 74.01. In this case, the record on appeal contains a "docket entry" signed only by the clerk. Although a docket entry may constitute a judgment under the rule, it still must contain the signature of the judge. *See Ballinger v. Rhees,* 39 S.W.3d 842, 843 (Mo.App.2000). Alternatively, initials added to a handwritten docket entry by the trial judge have been deemed sufficient to satisfy the signature requirement of Rule 74.01(a). *See In re Prough,* 8 S.W.3d 186, 187 (Mo.App. 1999).[1] Here, however, the docket entry in question bears neither the trial judge's signature nor his initials.[2] Without a final judgment, this court has no jurisdiction. *See id.* Appeal dismissed.[3]

PAUL M. SPINDEN, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.

---

1. The practice of initialing docket entries in lieu of a full signature is a practice we have previously discouraged. *See, e.g., Rhodelander v. Liberty Christian Fellowship,* 6 S.W.3d 402, 405 n. 1 (Mo.App.1999).

2. The record on appeal does contain a subsequent printed docket entry reciting the history of the case and denying Dieckhoff's motion for reconsideration. This latter entry is both signed by the clerk and bears the trial judge's *typewritten* initials. Even assuming, *arguendo,* that typed, rather than handwritten, initials would suffice to constitute a "signature" under Rule 74.01(a), this additional docket entry would not remedy the defects in the prior docket entry denying Dieckhoff's Rule 24.035 motion. *See Ballinger,* 39 S.W.3d at 843 (finding *nunc pro tunc* order insufficient to remedy defects under Rule 74.01(a)).

3. We observe that the docket entry denying Dieckhoff's motion for post-conviction relief contains no conclusions of law and only sparse findings of fact which the parties and court may wish to reconsider after remand.