**STATE of Missouri, ex rel. Walter PFITZINGER, et al., Relators-Respondents,**

v.

**William J. WASSON, Respondent-Appellant,**

and

**St. Charles R–V School District, Intervenor-Appellant.**

**No. WD 35226.**

Missouri Court of Appeals,
Western District.

Sept. 4, 1984.

**534**

John Ashcroft, Atty. Gen., Nancy D. Kelley, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Robert C. Jones and Andrew R. Kasnetz, Ziercher, Hocker, Human, Michenfelder & Jones, Clayton, for intervenor-appellant.

Claude C. Knight, Hannegan, Knight, Stokes, Moerschel, Schoeneberg & Weber, St. Charles, for relators-respondents.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

TURNAGE, Chief Judge.

In 1982 three sets of parents residing in the St. Charles R–V School District in St. Charles County filed a request with William J. Wasson, the designee of the Commissioner of Education, for the assignment of their children from the R–V School District to the St. Charles City School District. Wasson denied the request and the parents, pursuant to § 536.150, RSMo 1978, petitioned for a writ of mandamus. The court granted the writ and ordered the students reassigned as requested by their parents. This appeal followed. Reversed.

The issue is whether this court should apply the law in effect at the time the trial court entered its decision, or apply § 167.-121 as amended.

The parents filed their assignment request in 1982 pursuant to § 167.121, RSMo Supp.1979, which provided:

> If any pupil is so located that a school in another district is more accessible, the commissioner of education or his designee shall assign the pupil to the other district. The board of education of the district in which the pupil lives shall pay the tuition of the pupil assigned. The tuition shall not exceed the pro rata cost of instruction.

The assignment request was considered under the provisions of that section, as was the petition for the writ of mandamus in the circuit court.

By H.B. 815 the legislature re-wrote § 167.121 and the new version became effective on September 28, 1983. Section 167.121, RSMo Supp.1983 provides:

> If the residence of a pupil is so located that attendance in the district of residence constitutes an unusual or unreasonable transportation hardship because of natural barriers, travel time, or distance, the commissioner of education or his designee may assign the pupil to another district. Subject to the provisions of this section, all existing assignments

shall be reviewed prior to July 1, 1984, and from time to time thereafter, and may be continued or rescinded. The board of education of the district in which the pupil lives shall pay the tuition of the pupil assigned. The tuition shall not exceed the pro rata cost of instruction.

The circuit court entered its judgment on August 22, 1983, so the new version did not take effect until after that time.

The legislature made two significant changes in § 167.121. The first change concerns the standard to be applied in determining whether or not an assignment should be made. The section originally required only that a school in another district be more accessible than a school in the home district. The section now provides that a pupil's residence must be so located that attendance in the district constitutes an unusual or unreasonable transportation hardship because of natural barriers, travel time, or distance. The second change concerns the duty of the commissioner or his designee once it is found that the standard for an assignment has been met. The section originally provided that if the standard for assignment was met, then the commissioner or designee *shall* assign the pupil to the other district. The section now provides that if the standard for assignment is met, the commissioner or designee *may* assign the student to another district.

The question on this appeal is whether this court is to apply the amended § 167.-121 or decide this case under the law as it existed at the time the trial court entered its decision. This question was answered in *Sturgess v. Guerrant*, 583 S.W.2d 258, 262[1, 2] (Mo.App.1979). This court held in *Sturgess* that an appellate court must decide a case on the basis of the law in effect at the time of the decision. The *Sturgess* court cited a number of cases in support of that proposition, including *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). In *Bradley* the court stated:

We anchor our holding in this case on the principle that a court is to apply the law

in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary.

*Id.* at 711, 94 S.Ct. at 2016. The Court noted that a distinction had been drawn in the past between the application of a change in the law that takes place while the case is on direct review and the effect of a change in the law on a final judgment under collateral attack. *Id.* at 710–11, 94 S.Ct. at 2015–16. The Court in *Bradley* was dealing with a case on direct review in which the applicable law had been changed, which is the situation in the case at bar.

The exceptions to the general rule are not relevant to this case. No manifest injustice will result from applying the amended statute, nor is there any statutory direction or legislative history which would require that the new law not be applied on this appeal.

While it might be argued that the application of the new statute deprives the parents of the court-ordered assignment, it must be remembered that the St. Charles R–V School District is an appellant in this case, and under Rule 81.09(a) its appeal stays the execution of the judgment. Thus, even though the parents obtained a judgment, they have not yet realized its benefit. More importantly, amended § 167.121 mandates that all existing assignments shall be reviewed prior to July 1, 1984, and from time to time thereafter, and may be continued or rescinded. Thus, even if it were held that the parents obtained some right by the judgment which should not be taken away, the new law requires the commissioner or his designee to review the assignment subject to the provisions of the amended section and grants them the power to rescind such assignment. The result is that the parents cannot obtain an assignment under the old law which is immune from change under the new law.

This court concludes that this case should be decided under the amended version of § 167.121. Thus, it is apparent that review of the judgment is impossible be-

cause the case was tried under one statutory provision, but another statutory provision now applies. While there is evidence in the record pertaining to the facts of whether or not the St. Charles City School District school is more accessible than the R–V school, these facts do not address the standard of an unusual or unreasonable transportation hardship because of natural barriers, travel time, or distance, the standard to be applied under the amended statute.

To meet their burden to show facts under the amended statute which would enable the commissioner or designee to assign the students to the city district, the parents will need to file a new application. At that time the commissioner or designee can determine if the facts necessary to make the assignment have been shown and may then decide whether or not to make such assignment.

The judgment is reversed and this case is remanded with directions to dismiss the petition for writ of mandamus.

All concur.