STATE ex rel. HOLLAND INDUSTRIES, INC., Relator–Appellant,

v.

DIVISION OF TRANSPORTATION OF the STATE OF MISSOURI, Respondent,

and

Premier Service Corp. d/b/a Airport Limousine Service, Intervenor–Respondent.

No. WD 39822.

Missouri Court of Appeals, Western District.

July 5, 1988.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1988.

Application to Transfer Denied Jan. 17, 1989.

---

Stephen G. Newman, Hawkins, Brydon, Swearengen & England, Jefferson City, for relator-appellant.

Kevin Dinwiddie, Jefferson City, for respondent.

W. Richard Southern, Jefferson City, for intervenor-respondent.

Before MANFORD, P.J., and
TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

Holland Industries, Inc. filed an application with the Division of Transportation of the Department of Economic Development requesting a certificate to operate as a common carrier by motor vehicle over irregular routes to transport passengers and their baggage between all points in St. Louis and St. Louis County and the Lambert-St. Louis International Airport. The Division denied the application, and on appeal to the circuit court that decision was affirmed. Holland appeals. Finding a change in the law, the judgment is reversed and remanded.

Holland filed its application with the Division on October 18, 1985. At that time the applicable statute was Section 390.051, RSMo 1978. Although that section referred to the Public Service Commission, the General Assembly had adopted Section 622.015, which became effective on July 1, 1985. Section 622.015 transferred all powers, duties, and functions relating to transportation activity within the State from the Public Service Commission to the Division of Transportation of the Department of Economic Development. Thus, Holland filed its application with the Division. Thereafter, Premier Service Corp. d/b/a Airport Limousine Service, V–K Bus Lines, Inc., and Vandalia Bus Lines, Inc. were granted leave to intervene. Hearings were held in March 1986, and on September 23, 1986, the Administrative Law Judge [ALJ] in the Division denied the request for operating authority filed by Holland. In his decision, the ALJ decided that the case was controlled by Section 390.051 as it existed at the time the application was filed and not by S.S.H.C.S.H.B. 1428, which was

numbered Section 390.051, RSMo 1986. The new section became effective on August 13, 1986.

Under Section 390.051, RSMo 1978, the Public Service Commission, or, beginning July 1, 1985, the Division, was required to find from the evidence "that public convenience and necessity will be promoted or that there is public need for the creation of the service proposed, or any part thereof, and that the applicant is qualified properly to perform the service proposed...." Such section also provided that "the commission shall give reasonable consideration to the transportation service being furnished by any common carrier by rail or motor vehicle and the effect which the proposed transportation service may have upon such carriers...." That section further provided that the fact that one carrier had a certificate of convenience and necessity did not prohibit the granting of a certificate to another carrier over the same route if the public convenience and necessity would be promoted.

The 1986 law provided that if the Division found that an applicant "is fit, willing and able to properly perform the service proposed" and to conform to the rules and regulations of the Division and "that the service proposed will serve a useful present or future public purpose," a certificate should be issued, unless the Division finds that the transportation to be authorized will be inconsistent with the public convenience and necessity. Subsection 5 of that section provides that "[i]n cases where persons object to the issuance of a certificate, the diversion of revenue or traffic from existing carriers shall be considered."

While the provisions of the section as it existed in 1978 and the 1986 version are similar, there are certain differences and a change in emphasis. The 1978 version required a finding that public convenience and necessity would be promoted, or that there was a public need for the creation of the service. The 1986 statute requires that the service proposed serve a useful public purpose and that it not be inconsistent with the public convenience and necessity. Thus, the emphasis has been shifted from a finding of public convenience and necessity, or public need, to a showing that the proposed service will serve a useful present or future public purpose. Public convenience and necessity has been eliminated as a ground required to be shown to obtain a certificate. However, under the 1986 version a certificate may be denied if the new service is inconsistent with the public convenience and necessity.

Also, the relationship of the proposed service to existing carriers has been changed. The 1978 version requires that consideration be given to the service being furnished and the effect that the proposed service would have upon existing carriers. In the 1986 statute, the Division is to consider the diversion of revenue or traffic from existing carriers. The service being furnished by existing carriers is no longer a factor to be considered.

■ The change in Section 390.051 was called to the attention of this court during oral argument by Holland. Relying on *State ex rel. Pfitzinger v. Wasson,* 676 S.W.2d 533, 535 (Mo.App.1984), Holland contends that the judgment should be reversed and this cause remanded because this court must decide this appeal on the basis of the existing law rather than the 1978 statute. In *Pfitzinger,* this court held that an appellate court must decide a case on the basis of the law in effect at the time of the decision. This court relied upon *Sturgess v. Guerrant,* 583 S.W.2d 258, 262[1, 2] (Mo.App.1979) and *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), for that holding.

The rule that an appellate court must decide a case upon the basis of the law in effect at the time of decision is rooted in *United States v. Schooner Peggy,* 1 Cranch 103, 2 L.Ed. 49 (1801). Since that time the United States Supreme Court has consistently adhered to that doctrine. In *Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474, 484 (1969), the Court declared the general rule to be that an appellate court must apply the law in effect at the time it renders its decision. In *Bradley,* the Court held that *Thorpe* "stands for the proposition that even where the intervening law does not explicitly recite that it is to be applied to pending cases, it is to be

given recognition and effect." 416 U.S. at 715, 94 S.Ct. at 2018, 40 L.Ed.2d at 490.

■ An exception to the application of the rule was stated in *Bradley* and recognized in *Pfitzinger.* That is that the law in effect at the time of the decision will not be applied if to do so would result in manifest injustice or there is statutory direction or legislative history to the contrary.

■ In this case, there is no statutory direction or legislative history indicating that the 1986 law should not be applied to this case. Nor is there any indication that manifest injustice would result. Section 390.011, RSMo 1978, provides that no permit granted under the provisions of Chapter 390 shall be construed as a vested right or privilege. The same provision is contained in Section 390.011, RSMo 1986. Thus, Premier has no vested right that is impaired by consideration of the application of Holland under either the 1978 or 1986 law. Under either law, Holland could file an application for a certificate to perform the same service already being supplied by Premier. Thus, it does not matter to Premier which law is applied so far as impairing any of its rights is concerned.

■ Counsel for the Division contends that Section 386.500.2, RSMo 1986, is made applicable to the Division by Section 622.015, RSMo 1986, and requires a motion for rehearing to be filed which sets forth specifically the grounds on which an applicant considers an order to be unlawful, unjust, or unreasonable. The Division states that Holland did not file a motion for rehearing setting out the ground that there had been a change in the law and, therefore, Holland may not now assert that this court should consider the change in Section 390.051. The answer to this contention lies in the fact that in considering the change made by the General Assembly in Section 390.051 this court is applying a rule of law. Under the rule discussed above this court is required to apply the law as it exists at the time of decision unless there is statutory or legislative direction or manifest injustice would result. The application of such rule is not dependent upon a party raising the question but is to be applied by this court independent of the parties' contentions.

The ALJ should have ruled that the 1986 version of Section 390.051 applied and allowed Holland to amend its application if it desired. He should also have allowed the parties to present additional evidence if they desired, and he should have decided the case under the 1986 law.

Although the 1978 and 1986 versions of Section 390.051 are similar, there are differences which make a decision on the Holland application under the 1978 law inappropriate. Thus, this court cannot review a decision based on the 1978 statute. For that reason the judgment is reversed, and this cause is remanded to the circuit court with directions that the cause be remanded to the Division of Transportation with directions to set aside its order and reconsider Holland's application. The Division shall allow the application to be amended, if Holland so desires, and shall allow the introduction of additional evidence by either party, if requested, so that the application can be considered and decided under the 1986 law.