**JENKINS & ASSOCIATES, INC., Respondent,**

v.

**QUICK ELECTRIC, INC., Respondent,**

and

**State of Missouri, Department of Labor and Industrial Relations, Division of Labor Standards, Appellant.**

**No. WD 54669.**

Missouri Court of Appeals, Western District.

June 30, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary S. Erickson, Asst. Atty. Gen., Jefferson City, for appellant.

Susan M. McGreevy, Kansas City, for respondent Jenkins & Associates.

Larry M. Schumaker, Kansas City, for respondent Quick Electric.

Before ELLIS, P.J., and LOWENSTEIN and RIEDERER, JJ.

RIEDERER, Judge.

This is an appeal from a declaratory judgment action brought by Respondent, Jenkins & Associates (Jenkins) against Respondent, Quick Electric, Inc. (Quick) and Appellant, State of Missouri, Department of Labor and Industrial Relations, Division of Labor Standards (State), in which the State counter-claimed and cross-claimed against both Respondents under § 290.250,[1] for penalties for violations of the Missouri Prevailing Wage Law.

#### Facts

This action arises out of a construction contract awarded to Respondent Jenkins to perform work at the Blue Springs R–IV School District on the Butler–Dwyer High School addition. Jenkins sub-contracted with Respondent Quick, to do the electrical work. Pursuant to § 290.250, the prevailing wage law, it was mandatory that Jenkins and Quick pay the prevailing hourly rate of wages to all workmen employed by them in execution of the contract. In March of 1993, the State informed Jenkins that Quick may have failed to pay the prevailing wage to its workers. After investigating, the State notified Quick and Jenkins that Quick owed back wages to its workers on the project, and owed $9,250.00 in penalties to the Blue Springs School District. Since Jenkins was the general contractor, it could be held responsible for the underpayment of the workers and the penalty amount. Jenkins withheld $41,848.60 owed to Quick under the subcontract, to ensure payment for the violations.

On July 21, 1995, Jenkins filed a petition seeking a declaratory judgment to determine whether the State had a valid claim against Jenkins and Quick for prevailing wage violations. Quick filed a counterclaim against Jenkins and a cross-claim against the State. The State filed a counterclaim against Jenkins, a cross-claim against Quick and a petition against Blue Springs R–IV School District as a third party defendant.

Quick moved to dismiss the State's cross-claim against it on the grounds that the State lacked standing to pursue restitution, and that its claims for restitution and penalties were time-barred by the statute of limitations. On July 31, 1996, the trial court dismissed the State's counterclaim against Jenkins, the cross-claim against Quick, and the third party petition against Blue Springs R–IV School District pursuant to *State of Missouri v. SKC Electric, Inc.*, 1996 WL 329928 (Mo.App. June 18, 1996), for lack of standing.

On January 21, 1997, the Missouri Supreme Court held in *State of Missouri v. SKC Electric, Inc.*, 936 S.W.2d 802, 804 (Mo. banc 1997), that the State is authorized to institute actions for penalties arising from violation of § 290.250. In light of this ruling, the State filed a supplemental motion to amend or modify the trial court's July 31, 1996 order.

---

1. All statutory references are to RSMo., 1994 unless otherwise indicated.

On June 26, 1997, the trial court entered an "order" that the State had standing to pursue penalty claims under § 290.250. However, the trial court also found that the State's claims in this case were time-barred by § 516.420.

Due to the State's inability to pursue any claims against Jenkins or Quick for violation of § 290.250, Jenkins released the money it had withheld from Quick. On July 15, 1997, the trial court issued an "order of dismissal" and terminated all claims of all parties.

### Finality of Judgment

This court must determine whether it has jurisdiction to consider this appeal. *Okello v. Beebe,* 930 S.W.2d 40, 42 (Mo.App.1996). Under Rule 74.01(a), a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed. *Gerlach v. Missouri Commission on Human Rights,* 955 S.W.2d 809, 810 (Mo.App.1997). In *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997) the Missouri Supreme Court stated:

> The requirement that a trial court must "denominate" its final ruling as a "judgment" is not a mere formality. It establishes a "bright line" test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue ... Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being called a "judgment" by the trial court. Depending upon the text, mere use of the word "judgment" in the body of the writing or docket entry may not suffice.

In this case, the order appealed from was not labeled or titled "judgment." Further, the designation of "judgment" does not appear in the body of the writing, nor does it appear in the docket entry. As a result,

there is no final judgment and this court lacks jurisdiction to hear this appeal. *Id.*

The appeal is dismissed.

ELLIS, P.J., and LOWENSTEIN, J., concur.