Walter GARRETT, Appellant,

v.

Douglas FINNELL, et al., Respondent.

No. WD 55688.

Missouri Court of Appeals,
Western District.

Aug. 24, 1999.

Walter Garrett, pro se.

Kimberly Harper, Asst. Atty. Gen., Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., LOWENSTEIN and RIEDERER, JJ.

RIEDERER, Judge.

Appellant Walter Garrett appeals from a judgment entered by the Randolph County Circuit Court, dismissing his petition for failure to state a claim and in denying Appellant's request for a writ of habeas corpus ad testificandum.

**Factual and Procedural History**

On September 9, 1997, Appellant, currently an inmate at the Moberly Correctional Center ("MCC"), brought suit in Small Claims Court seeking reimbursement for personal property which he claimed was intentionally damaged by his former cellmate, Walter Patrick ("Patrick"). Appellant listed employees of MCC (Douglas Finell, Sherry Blattel–Dunseith, Jim Moore, James Gammon, Steve Long) and Patrick as defendants in his complaint. All parties were served with process except Patrick. On October 24, 1997, defendants (the employees of MCC) filed a motion to dismiss for failure to state a claim on which relief can be granted. On November 11, 1997, the court sustained the motion.

On December 4, 1997, Appellant filed an application for a trial de novo which was granted, and filed an application for habeas corpus ad testificandum on December 16, 1997. The trial court denied Appellant's application for habeas corpus ad testificandum. On December 19, 1997, defendants (employees of MCC) filed another motion to dismiss for failure to state a claim on which relief can be granted. A hearing was scheduled by the court for December 22, 1997.

On December 22, 1997, the defendants' motion was presented to the trial court. Although defendants' counsel appeared, defendants submitted their motion on the pleadings, in lieu of a hearing. Appellant was granted fifteen days to respond. Appellant requested, and was given, an additional ten days to oppose defendants' motion. On January 20, 1998, Appellant filed his pleadings opposing defendants' motion. On February 3, 1998, the trial court entered a judgment sustaining defendants' motion to dismiss with prejudice. This appeal ensued.

Although neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte. Moss v. Home Depot USA, Inc.,* 988 S.W.2d 627, 629–30. We have jurisdiction only over final judgments. Rule 74.01. A final judgment is one which disposes of all claims to all parties. *Jenkins & Assoc. Inc. v. Quick Electric, Inc.,* 971 S.W.2d 867, 869 (Mo. App.1998). Here, Appellant listed on his petition employees of MCC (Douglas Finell, Sherry Blattel–Dunseith, Jim Moore, James Gammon, Steve Long), and Patrick as defendants. The circuit court sustained the motion to dismiss with respect to all parties except Patrick, on whom there was no service of process. No mention was made of Patrick. " 'Failure to have served process on [certain defendants] by any given time, without any action or disposition as to such defendants by the trial court, would not eliminate them as parties to this action at this time. A party to an action is a person whose name is designated on the record as plaintiff or defendant.' " *Cooper v. Barr,* 413 S.W.2d 219, 221 (Mo.1967). Furthermore, under Rule 74.01(b), when multiple parties are involved in an action, any order that adjudicates "all the claims or the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties. The only exception is that the court may determine that there is no just reason for delay. There was no such determination in this case. Since no final disposition was made as to Patrick, the judgment from which the appeal was taken did not dispose of all claims or rights and liabilities of all parties. Thus, it was not a final judgment

for purposes of appeal. *Cooper*, 413 S.W.2d at 221. Therefore, we lack jurisdiction and dismiss the appeal.

All concur.