SUNBELT ENVIRONMENTAL
SERVICES, INC.,
Respondent,

v.

RIEDER'S JIFFY MARKET, INC., Charles F. Rieder, Trustee of The Charles F. Rieder Trust and Ozark Mountain Associates, Inc., and Charles F. Rieder, Appellants.

No. 25014.

Missouri Court of Appeals,
Southern District,
Division One.

June 9, 2003.

Kevin Checkett, Checkett & Pauly, P.C., Carthage, for Appellants.

Stuart H. King, William H. McDonald & Associates, Springfield, for Respondent.

KERRY L. MONTGOMERY, Presiding Judge.

On April 17, 1997, Sunbelt Environmental Services, Inc. (Plaintiff) commenced an action for breach of contract against Rieder's Jiffy Market, Inc. (Jiffy Market) and Charles F. Rieder, Trustee of the Charles F. Rieder Trust dated April 19, 1993

(Trustee). The petition alleged that Trustee owned a tract of land occupied by Jiffy Market. A jury returned a $67,524.20 verdict in favor of Plaintiff on its breach of contract claim against Jiffy Market. The jury returned a verdict in favor of Trustee on Plaintiff's *quantum meruit* claim against him.

On July 14, 1998, Plaintiff filed a "Motion for Creditor's Bill" against Jiffy Market, Trustee, and Ozark Mountain Associates, Inc. (OMA). The motion generally alleged that Jiffy Market fraudulently transferred assets to OMA to hinder and delay creditors and that Charles F. Rieder formed both Jiffy Market and OMA for the same reason. Plaintiff prayed for an order declaring that all assets in possession of Jiffy Market, OMA, "or Charles Rieder personally" are subject to execution to satisfy Plaintiff's judgment against Jiffy Market.

After a hearing on Plaintiff's motion, the trial court entered a judgment on February 19, 2002, in Plaintiff's favor. The judgment declared:

> The corporate entities [Jiffy Market and OMA] are hereby pierced and said corporate entities and Charles F. Rieder are deemed to be one and the same. The assets of said corporate entities and Charles F. Rieder are subject to execution to satisfy the judgment entered herein.

Aside from the fact that Charles F. Rieder, individually, was never a party to the underlying action nor to the action on Plaintiff's Motion for Creditor's Bill, the judgment does not dispose of Plaintiff's claim against Trustee who was a party in the underlying action and a party to Plaintiff's motion. In short, the judgment does not mention Trustee.

Jiffy Market, Trustee, and OMA, along with Charles F. Rieder, appeal from the judgment of February 19, 2002. The appellants claim the trial court erred in assessing liability against Trustee and obligating him to pay Plaintiff's judgment for labor and services provided to Jiffy Market. They also claim the trial court erred in assessing liability against OMA and obligating it to pay Plaintiff's judgment against Jiffy Market because of insufficient evidence to pierce the corporate veil.

Although not raised by the parties, an appellate court is obligated to notice, *sua sponte*, matters preventing it from obtaining jurisdiction. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). "A prerequisite to appellate review is that there be a final judgment." *Id.*, § 512.020, RSMo 2000. If a trial court's order is not a final judgment, the appellate courts lack jurisdiction and the appeal must be dismissed. *Id.* at 454–55.

"For a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination." *Cooper v. Continental Fidelity Surety Co.*, 851 S.W.2d 65, 67 (Mo.App.1993). As an exception to this general rule, Rule 74.01(b) permits an appeal from a judgment that disposes of less than all the parties and issues if the trial court makes "an express determination that there is no just reason for delay."

On the record presented here, the trial court did not dispose of Plaintiff's claim against Trustee nor did the trial court make any determination that there was no just reason for delay. Therefore, the judgment is not final and appealable because it did not dispose of all parties in the case. As a result, we have no jurisdiction.

Appeal dismissed.

GARRISON, J., and BARNEY, J., concur.