KAS ENTERPRISES, INC. a/k/a K.A.S. Enterprises, Inc., Appellant,

v.

CITY OF ST. LOUIS, Department of Streets, James W. Suelmann, and/or John Does, Respondents.

No. ED 83126.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 25, 2003.

Randall E. Gusdorf, George J. Luberda, Clayton, MO, for appellant.

Patricia A. Hageman, City Counselor, Edward J. Hanlon, Thomas J. Goeddel, St. Louis, MO, for respondents.

MARY R. RUSSELL, Judge.

KAS Enterprises ("KAS") appeals from a judgment in the Circuit Court of the City of St. Louis granting summary judgment to defendants City of St. Louis and the City of St. Louis Department of Streets (collectively "City Defendants") and defendant James W. Suelmann, Director of Streets ("Director"). We dismiss KAS's appeal, as the judgment from which it appeals is not final pursuant to Rule 74.01(b).

KAS filed its petition for damages against City Defendants, Director, "and/or John Does" for one count of negligence and one count of bailment. KAS alleges defendants caused KAS the loss of the value of a motor vehicle in which KAS held a security interest. KAS alleges defendants improperly released the vehicle from the city's towing storage to Kimberly Bailey, who claimed the vehicle from the storage facility. KAS asserts that Bailey showed only a "skipped" title to the vehicle and, therefore, proved no ownership of the vehicle. The vehicle was later found damaged, and KAS brought this action against defendants.

KAS asserts that defendants—City Defendants, Director, and John Does— caused damage to KAS by: (1) failing to hold the vehicle and deliver it to KAS; (2)

failing to properly review and read the title of the vehicle before releasing it to someone who was not a proper owner; (3) failing to adopt policies and procedures to ensure the vehicle was released to the proper owner or to protect lien holders; (4) failing to recover the vehicle for KAS; and (5) failing to supervise employees to prevent release of the vehicle to a person not the owner. Defendant John Does refers to the employee or employees who released the motor vehicle at issue to Kimberly Bailey.

After considering motions for summary judgment filed both by defendants and by KAS, the trial court granted "Defendants City of St. Louis, the Department of Streets for the City of St. Louis, and James W. Suelmann's" motion for summary judgment. The trial court granted City Defendants' summary judgment because it found they were immune from liability to KAS under the doctrine of sovereign immunity. The trial court granted Director summary judgment because it found he was protected by the doctrine of official immunity and by the public duty doctrine.

The trial court entered summary judgment for these defendants in a judgment dated May 28, 2003, and KAS appeals from this judgment, arguing that City Defendants and Director are not immune from liability. We dismiss KAS's appeal because we find that the trial court's judgment was not a final judgment under Rule 74.01(b).

Rule 74.01(b) states:

Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.

A judgment must dispose of all parties and all issues in the case, and must leave nothing for future determination, in order to permit appellate review. *Sunbelt Envtl. Servs., Inc. v. Rieder's Jiffy Mkt., Inc.*, 106 S.W.3d 556, 557 (Mo.App.2003) (internal citations omitted). "An appellate court is obligated to notice, *sua sponte*, matters preventing it from obtaining jurisdiction." *Id.* (citing *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994)). If a trial court's order is not a final judgment, we will dismiss any appeal from that order. *Id.* (internal citations omitted). There is an exception to this rule, however, under Rule 74.01(b), in that a judgment that disposes of less than all parties or issues can be appealed if the trial court makes an "express determination that there is no just reason for delay." Rule 74.01(b); *Sunbelt*, 106 S.W.3d at 557.

While the trial court's judgment of May 28, 2003, clearly shows its decision as to defendants City Defendants and Director, nothing in the judgment suggests that the trial court made any decision regarding defendant John Does. The Motion for Summary Judgment filed by City Defendants and Director requested relief for themselves, but made no mention of defendant John Does. Although neither party on appeal mentions defendant John Does in relation to the issues raised on appeal, we find nothing in the record to suggest that

defendant John Does was not a party to this action at the time summary judgment was granted to City Defendants and Director.

The docket entries in this case show that defendant John Does was issued a summons related to this case, had an entry of appearance filed on his behalf by an attorney, and filed an answer to KAS's petition. No amended petition was filed by KAS removing John Does or identifying him. At the time summary judgment was entered in favor of City Defendants and Director, defendant John Does was still a party to this action.

On the record presented, we find that the trial court did not dispose of KAS's claims against defendant John Does, nor did it make a determination that there was no just reason for delay under Rule 74.01(b). Therefore, the judgment is not final and is not appealable. As a result, we have no jurisdiction, and we dismiss.

GARY M. GAERTNER, SR., P.J., and ROBERT G. DOWD, JR., J., concur.