## AMERIQUEST MORTGAGE COMPANY, Appellant,

### v.

Elisa **GEHRIG,** Gold Bank, Brian Williams, Tammy Williams, SMF Registered Services, Edward Braaten, and Troy Hall, Respondents.

### No. WD 67885.

Missouri Court of Appeals,
Western District.

Oct. 16, 2007.

submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.

Beverly Weber and Thomas Fritzlen, Jr., Kansas City, for appellant.

Eric Robie and James Ewan, Independence, for respondent.

Before THOMAS H. NEWTON, Presiding Judge, PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge.

PAUL M. SPINDEN, Judge.

Ameriquest Mortgage Company appeals the circuit court's summary judgment for Tammy Williams, Brian Williams, and Gold Bank on Count II of its three-count petition. We dismiss the appeal for a lack of a final, appealable judgment.

This dispute involves residential property at 500 C Street in Belton. Elisa Gehrig became the property's sole owner during April 2002. On May 20, 2003, Gehrig used the property as collateral for a loan by Ameriquest, and Ameriquest recorded the deed. Afterwards, Ameriquest discovered that Gehrig had conveyed the property to another person.

On May 13, 2004, Ameriquest filed a three-count petition in the circuit court of Cass County. Ameriquest alleged that, during September 2002, Gehrig gave a deed to the property to Edward Braaten, a bail bondsman, as security for a bond that she agreed to post for a friend. Braaten recorded the deed at the county recorder's office and then conveyed the property to Troy Hall, who conveyed it to Brian and Tammy Williams. The Williamses financed purchase of the property through Gold Bank.

In Count I, Ameriquest alleged that Braaten engaged in fraudulent misrepresentation by telling Gehrig that he would hold the deed as collateral for a bail bond and would not record it. In Count II, Ameriquest sought a declaratory judgment that Gehrig was the property's owner and that it had a lien on the property. In Count III, Ameriquest sought an injunction to enjoin the Williamses from selling the property. The petition named Gehrig, Gold Bank, the Williamses, SMF Registered Services, Braaten, and Troy Hall as defendants.

The Williamses and Gold Bank filed a motion for summary judgment on all counts. Ameriquest filed a motion for summary judgment on Count II and filed a motion for a default judgment against SMF, Gehrig, and Hall, asserting that they had not filed an answer to its petition. The circuit court entered judgment, deny-

ing both Ameriquest's motion for summary judgment as to Count II and its motion for a default judgment and entering summary judgment for the Williamses and Gold Bank as to Count II. The circuit court's judgment did not refer to Counts I or III or to any of the other four defendants but said, "This [j]udgment [e]ntry is designated final for the purpose of appeal." This appeal follows.

 Before we address the merits of Ameriquest's claim, we must determine, *sua sponte*, whether or not we have jurisdiction to do so. *Columbia Mutual Insurance Company v. Epstein*, 200 S.W.3d 547, 549 (Mo.App.2006). For this court to have jurisdiction to review a judgment, the judgment must be final. A judgment is final when it disposes of all the issues with regard to all of the parties in the case and leaves nothing for future determination. *Id.* " 'A party to an action is a person whose name is designated on the record as plaintiff or defendant.' " *Garrett v. Finnell*, 999 S.W.2d 304, 305 (Mo.App.1999) (citation omitted). A person is a party to the lawsuit until the plaintiff takes action to remove him from the lawsuit, *KAS Enterprises, Inc. v. City of St. Louis*, 121 S.W.3d 262, 264 (Mo.App.2003), or until the circuit court makes a disposition regarding his status in the lawsuit. *Garrett*, 999 S.W.2d at 305. The only exception to this general rule is found in Rule 74.01(b), which says:

> When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities

of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

For this court to have jurisdiction, the circuit court must either dispose of all the issues as to all of the parties or expressly designate in the judgment that "there is no just reason for delay." *Columbia Mutual Insurance Company*, 200 S.W.3d at 549. In the absence of either of these requirements, the judgment is not final, and we must dismiss the appeal for lack of jurisdiction. *Id.*

 Because Ameriquest's three-count petition listed seven parties as defendants, the circuit court's judgment would be final only if it resolved all three counts of Ameriquest's petition against all seven parties. The circuit court entered summary judgment against Ameriquest on Count II but did not enter judgment on Counts I or III for any party. Because the judgment did not resolve Counts I or III, and these counts are pending against all seven parties, the circuit court's judgment was not final. *Magee v. Brown*, 179 S.W.3d 373, 374 (Mo.App.2005).

Furthermore, although the circuit court did enter summary judgment on Count II, it did not do so against all of the parties. The circuit court entered summary judgment on Count II for the Williamses and for Gold Bank. Its judgment did not mention the other four parties. Because the judgment did not finally dispose of Count II as to all of the parties, it is not final. *Garrett*, 999 S.W.2d at 305.

Although the circuit court declared that its judgment was "designated final for the purpose of appeal," it did not fit within the exception enunciated in Rule 74.01(b). For an otherwise non-appealable judgment

to be appealed under Rule 74.01(b), the circuit court must make an express finding that "there is no just reason for delay." The circuit court's declaration that the judgment was final without an express finding that "there is no just reason for delay[,]" did not satisfy Rule 74.01(b). *McKeever v. Bi–State Development Agency,* 988 S.W.2d 599, 600 (Mo.App.1999) (judgment's language stating that it was to "be deemed a final and appealable judgment" did not satisfy Rule 74.01(b)).

At oral arguments, Ameriquest claimed that the circuit court's judgment was final because it implicitly decided the other two counts. Count I of its petition, however, alleged that Braaten was guilty of fraudulent misrepresentation. As relief for this fraudulent misrepresentation, Ameriquest sought not only to set aside the conveyance but also sought money damages from him. The circuit court could find in Count I that Braaten was guilty of fraudulent misrepresentation and liable in money damages for that misrepresentation and, yet, because the Williamses were bona fide purchasers, they would still be entitled to the land, requiring the circuit court to rule for the Williamses in Count II. *Brown v. Mickelson,* 220 S.W.3d 442, 452 (Mo.App. 2007) (because purchasers were bona fide purchasers, appellants were left to pursue other remedies from the grantor). Because these two findings are not inconsistent, the judgment on Count II did not implicitly decide Count I.

With this courts' consent, both parties filed supplemental briefs in which they both asserted other reasons why this court has jurisdiction over the appeal. In their supplemental brief, the Williamses and Gold Bank claimed that the Supreme Court has declared that the appellate courts have jurisdiction over an appeal of a partial judgment even if the judgment does not expressly state that there is "no

just reason for delay." In support of this proposition, they cite *Oldaker v. Peters,* 817 S.W.2d 245 (Mo. banc 1991), and *Stemley v. Downtown Medical Building Inc.,* 762 S.W.2d 43 (Mo. banc 1988). In both of these cases, the Supreme Court determined that it had jurisdiction over the appeals even though the judgments did not include an express finding that there was "no just reason for delay." *Oldaker,* 817 S.W.2d at 248 n. 1; *Stemley,* 762 S.W.2d at 45–6. In both, the Supreme Court excused compliance with Rule 74.01(b) because the cases were pending when the rule was amended to include the "no just reason for delay" requirement. *Oldaker,* 817 S.W.2d at 248 n. 1; *Stemley,* 762 S.W.2d at 45–6. The Supreme Court, however, declared that circuit courts must "employ the express language of Rule 74.01(b)" in future cases. *Stemley,* 762 S.W.2d at 46. Furthermore, in subsequent cases, the Supreme Court has reiterated that an appeal of a partial judgment cannot be taken unless the circuit court makes the required finding under Rule 74.01(b). *International Minerals and Chemical Corporation v. Avon Products, Inc.,* 817 S.W.2d 903, 906 (Mo. banc 1991). As such, we find no support in these cases for their assertion that we have jurisdiction over the appeal.

In its supplemental brief, Ameriquest argues that we have jurisdiction over the appeal because the circuit court's judgment disposed of one distinct claim. In support of its argument, Ameriquest cites *Gibson v. Brewer,* 952 S.W.2d 239 (Mo. banc 1997), and asserts that it stands for the proposition that, "although a circuit court may designate its judgment final as to particular claims, this designation is effective only when the order disposes of a distinct judicial unit." Although *Gibson* did state the general rule that for the circuit court to certify a partial judgment for early appeal by stating there is "no

just reason for delay[,]" the judgment must dispose of at least one distinct claim, *Gibson*, 952 S.W.2d at 244, this does nothing to address the issue here: that the circuit court did not properly certify the judgment for early appeal. Hence, the parties have made no arguments in their supplemental briefs that persuade us that the judgment was final for the purposes of appeal. We remand the case to the circuit court for further proceedings.

THOMAS H. NEWTON, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.