Lesley JOHNSTON and Charles
Johnston, Plaintiffs,

v.

411744 A.H. TANNERY, INC.,
et al., Defendant,

Bio–Nutraceuticals, Inc., Appellant,

Physical FX, LC, Respondent.

No. WD 69135.

Missouri Court of Appeals,
Western District.

Sept. 16, 2008.

Gordon D. Gee, Kansas City, for Appellant.

Michael A. Childs, Kansas City, for Respondent.

Before JAMES M. SMART, JR., P.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Bio–Nutraceuticals, Inc., appeals the circuit court's judgment denying its motion to set aside a default judgment entered against it. Bio–Nutraceuticals contends that the circuit court erred in entering a default judgment against it because the court did not have personal jurisdiction. Specifically, Bio–Nutraceuticals asserts: (1) it was never properly served with the summons and Physical FX, LC's cross-claim, (2) it was not subject to Missouri's long-arm jurisdiction because it had not done any of the enumerated acts in section 506.500, RSMo 2000, or Rule 54.06, and (3) it did not have sufficient minimum contacts with Missouri to satisfy due process requirements. Bio–Nutraceuticals also claims that the circuit court erred in awarding attorneys' fees to Physical FX. Because, however, no final and appealable judgment exists in this case, we dismiss Bio–Nutraceuticals's appeal.

The default judgment in this case arose out of a products liability action filed by Lesley Johnston and her husband, Charles Johnston, against Physical FX, and five other defendants. The Johnstons asserted that Lesley Johnston was paralyzed from a stroke which was allegedly caused by the ingestion of Thermo–E, a dietary supplement containing Ephedra. Physical FX is a retailer which sold Thermo–E, and the Johnstons claimed that Lesley Johnston purchased the Thermo–E from Physical FX. On February 20, 2007, Physical FX filed its answer to the Johnstons' second amended petition and filed a cross claim for indemnity or, alternatively, for contribution against Bio–Nutraceuticals, a California corporation, asserting that Bio–Nutraceuticals manufactured the product which the Johnstons alleged was the source of their injuries. Physical FX also filed a cross claim for indemnity or contribution against Advocare International, LP.

On March 29, 2007, the Jackson County Circuit Court issued a "Summons for Personal Service Outside the State of Missouri" for service on James G. Morris, the registered agent for Bio–Nutraceuticals in California. The address listed for Morris on the summons was "13400 Riverside Dr.—Ste 112, Sherman Oaks, CA 91423–2513." On April 23, 2007, an Affidavit of Service was filed with the circuit court. Narine O'Hakopyan, a deputy sheriff for the County of Los Angeles, indicated on the affidavit that on April 19, 2007, at 12:27 P.M., service was made on a white male with black hair, age 50, weight 180 pounds, and height 5 foot 11 inches. Under the line for "Person served and title," the Affidavit of Service listed Bio–Nutraceuticals only. Under the line for "Person

with whom left and title or relationship to person served," the Affidavit of Service was blank. Under the line for "Address, city and state," the affidavit listed a business address of "13400 Riverside Dr. # 112, Sherman Oaks CA 91423." Although the affidavit contained a section to be completed by a Notary Public, this portion of the affidavit was left blank.

Bio–Nutraceuticals did not file a responsive pleading to Physical FX's cross-claim. On July 31, 2007, Physical FX filed a "Motion for Default Judgment against Bio–Nutraceuticals, Inc." with the circuit court.[1] On August 30, 2007, the circuit court entered an "Order and Partial Judgment" awarding Physical FX actual damages against Bio–Nutraceuticals in the amount of $550,000 for indemnification by virtue of Physical FX's status as an innocent seller of Thermo–E with Ephedra and Bio–Nutraceuticals's status as the manufacturer of Thermo–E with Ephedra. The circuit court also awarded Physical FX costs including attorneys' fees in the amount of $38,500.

Bio–Nutraceuticals filed a motion to set aside the default judgment, which the circuit court denied without a hearing. Bio–Nutraceuticals then filed a motion to vacate the circuit court's order denying the motion to set aside the default judgment, and the circuit court denied this motion too. On December 21, 2007, the circuit court entered its decree, which said:

On October 29, 2007, the Court entered its order denying the Motion of Bio–Nutraceuticals, Inc. to Set Aside Default Judgment. Subsequently, the Court entered its order on November 28, 2007, denying the Motion of Bio–

Nutraceuticals, Inc. to Vacate that order. No issues remain to be heard in this Court related to the default judgment entered against Bio–Nutraceuticals, Inc. Accordingly, pursuant to Rule 74.01, the Court now enters this final appealable decree.

Bio–Nutraceuticals appeals.

■ Although neither party addresses the issue, we must determine, sua sponte, whether or not we have jurisdiction over this appeal. *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). The Supreme Court stated that:

This is not a matter of mere technical concern. Judicial integrity and restraint demand it. "To avoid an arbitrary discretion in the courts, it is indispensable that they should be bound by the strict rules and precedents which serve to define and point out their duty in every particular case that comes before them." Courts, no less than the citizens they serve, must abide the rules and precedents defining their jurisdiction. To do otherwise is to erode the very foundation of the rule of law.

*Id.* (citation omitted); *see also Carney v. Yeager*, 231 S.W.3d 308, 310 (Mo.App. 2007).

■ " 'A prerequisite to appellate review is that there be a final judgment.' " *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (citation omitted). In the absence of a final judgment, this court has no jurisdiction to review Bio–Nutraceuticals's claim. *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000). A judgment is final when it disposes of all the issues with regard to all of the parties

1. In an affidavit attached to its motion for default judgment, Michael Childs said that Physical FX entered into a settlement agreement for $550,000 with the Johnstons based upon Physical FX's liability as an innocent

seller of Thermo–E with Ephedra. Childs also stated that Physical FX had incurred $38,500 in legal fees and costs as a result of the Johnstons' suit.

in the case and leaves nothing for future determination. *Id.* The only exception to this general rule is found in Rule 74.01(b), which says:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[2]

"[F]or the circuit court to certify for appeal a judgment resolving fewer than all claims under Rule 74.01(b), the judgment must expressly designate that ' "there is no just reason for delay." ' " *Carney,* 231 S.W.3d at 310 (citation omitted). In the absence of such an express designation, the judgment is not final, and we must dismiss the appeal for lack of jurisdiction. *Ameriquest Mortg. Co. v. Gehrig,* 245 S.W.3d 239, 241 (Mo.App.2007).

The Johnstons' ten-count second amended petition listed six parties as defendants. The six defendants listed in the Johnstons' petition are: Physical FX; 411744 A.H. Tannery, Inc.; Advocare International, LP; Advocare International, LLC; R–Squared Nutrition, Inc.; and Horizon Laboratories. Physical FX's answer asserted two cross claims against two parties: Advocare and "Bio–Nutraceuticals f/k/a Horizon."[3] According to Case.net, Defendant R–Squared Nutrition, Inc., was dismissed from the case without prejudice on March 9, 2006. Physical FX also voluntarily dismissed its remaining cross-claim against Advocare International, LP, on October 24, 2007. Moreover, the circuit court entered an order of dismissal of all of the Johnstons' claims against Advocare on January 11, 2008, but that order was not issued until after the appeal in this case was filed. From our review of Case.net, we find no docket entry concerning the status of the Johnstons' claims against 411744 A.H. Tannery, Inc., and Horizon Laboratories. In its order, the circuit court entered a default judgment against Bio–Nutraceuticals only. The circuit court's judgment did not resolve all of the counts of the Johnston's second amended petition.

Although the circuit court declared that its judgment was a "final appealable decree" and that "[n]o issues remain to be heard ... related to the default judgment entered against Bio–Nutraceuticals," it did not expressly state that there was "no just reason for delay" as required by Rule 74.01(b). The term "express" means "[c]learly and unmistakably communicated; directly stated." BLACK'S LAW DICTIONARY 620 (8th ed. 200404). As this court has previously held:

> Bio–Nutraceuticals are distinct corporations and that Bio–Nutraceuticals has never been known as Horizon Laboratories, Inc. Physical FX, however, contends that Horizon Laboratories is now known as Bio–Nutraceuticals and that Bio–Nutraceuticals is a successor corporation to Horizon Laboratories.

---

**2.** We added the emphasis.

**3.** In an affidavit filed with Bio–Nutraceuticals's motion to vacate the circuit court's order denying the motion to set aside the default judgment, Gerald Farris, the majority shareholder and president of Bio–Nutraceuticals, said that Horizon Laboratories, Inc., and

For an otherwise non-appealable judgment to be appealed under Rule 74.01(b), the circuit court must make an express finding that "there is no just reason for delay." The circuit court's declaration that the judgment was final without an express finding that "there is no just reason for delay[,]" did not satisfy Rule 74.01(b). *McKeever v. Bi–State Development Agency*, 988 S.W.2d 599, 600 (Mo.App.1999) (judgment's language stating that it was to "be deemed a final and appealable judgment" did not satisfy Rule 74.01(b)).

*Ameriquest*, 245 S.W.3d at 241–42. Indeed, the Missouri Supreme Court has even cautioned circuit courts "to employ the express language of Rule 74.01(b)[.]" *Stemley v. Downtown Med. Bldg., Inc.*, 762 S.W.2d 43, 46 (Mo. banc 1988);[4] *Ameriquest*, 245 S.W.3d at 242.

In this case, the circuit court in its decree did not make *"an express determination that there is no just reason for delay"* as required by Rule 74.01(b). The judgment, therefore, is not final for the purposes of appeal. We, therefore, dismiss Bio–Nutraceuticals's appeal and remand the case to the circuit court for further proceedings.

All concur.

---

4. In *Stemley*, the Supreme Court determined that it had jurisdiction over the appeal even though the judgment did not include an express finding that there was "no just reason for delay." The Supreme Court excused compliance with Rule 74.01(b) because the case was pending when the rule was amended to include the "no just reason for delay" requirement and because the "spirit of the amended rule" was satisfied. *Stemley*, 762 S.W.2d at 45–46. The *Stemley* court noted, however, "[T]he bench and bar are cautioned to comply with the mandate of the new rule." 762 S.W.2d at 46 n. 3; *see also Ameriquest*, 245 S.W.3d at 242.