**Lonnie SNELLING, Appellant,**

v.

**Samuel BECK, Cathy Beck, Cynthia Austin and Joey Foster, a minor, and John and Jane Does, Respondents.**

**No. ED 92761.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 2009.

Lonnie Snelling, St. Louis, MO, for appellant.

James A. Bingley, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Lonnie Snelling (Appellant) appeals *pro se* from the trial court's judgment in his action against Samuel and Cathy Beck, Cynthia Austin and her minor son Joey Foster, and unknown defendants "John and Jane Does" (collectively, Defendants).

Appellant filed a four-count petition alleging essentially that Defendants trespassed on and vandalized Appellant's real property in the City of St. Louis. The trial court granted summary judgment in favor of the Becks, entered a default judgment against Ms. Austin for $2000, and dismissed the action as to her son Joey. The record is silent on attempted identification, service, or disposition as to the "Does."

Appellant asserts six points of error, the merits of which we do not reach because Appellant also contends, perhaps unwittingly, that this court lacks jurisdiction to consider his appeal in that his claims against the "Does" remain pending. Indeed, an order adjudicating the claims, rights and liabilities of fewer than all parties does not terminate the action as to any of the claims or parties unless the court expressly determines that there is no just reason for delay. Rule 74.01(b). The trial court's judgment contains no such determination here, and our review of the record revealed no dismissal of the Does either by Appellant voluntarily or by order of the court for failure to prosecute. Therefore, the court's judgment is not final, and consequently we lack jurisdiction and must dismiss the appeal. *See KAS Enterprises, Inc. v. City of St. Louis,* 121 S.W.3d 262 (Mo.App.2003) (summary judgment in favor of defendant city without mention of defendant John Doe was not final and appealable without an express determination of no just reason for delay); *Garrett v. Finnell,* 999 S.W.2d 304 (Mo.App.1999) (dismissal of all but one unserved co-defen-

dant not final and appealable without express determination of no just reason for delay); *Smith v. Lewis,* 669 S.W.2d 558 (Mo.App.1983) (plaintiff entitled to retain petition against unknown defendants; claims against John Does not appropriate for decision unless and until process made on actual defendants in their stead).

Appeal dismissed.

KATHIANNE KNAUP CRANE, P.J., and NANNETTE A. BAKER, J., concur.