

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| JAMES RANDOLPH, | ) | |
| Appellant, | ) | |
| v. | ) | **WD82748** |
| | ) | **Consolidated with WD82823** |
| CITY OF KANSAS CITY, MISSOURI, et al., | ) | |
| | ) | **FILED: April 21, 2020** |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE CHARLES H. MCKENZIE, JUDGE

### BEFORE DIVISION THREE: LISA WHITE HARDWICK, PRESIDING JUDGE, ALOK AHUJA AND CYNTHIA L. MARTIN, JUDGES

James Randolph appeals the circuit court's entry of summary judgment in favor of the City of Kansas City, Missouri ("the City") on his petition for quiet title, ejectment, trespass, inverse condemnation, and nuisance. The court granted summary judgment on the basis that Randolph did not own the disputed parcel of land because the City had condemned the land over 100 years prior and Section 516.090, RSMo 2016,[1] prohibits the taking of public land by adverse possession. For reasons explained herein, we dismiss the appeal for lack of a final judgment.

---

[1] All statutory references are to the Revised Statutes of Missouri 2016.

## FACTUAL AND PROCEDURAL HISTORY

Randolph filed a petition for quiet title and for damages resulting from ejectment, trespass, inverse condemnation, and nuisance, all relating to a parcel of land located near Forest Avenue and Pacific Street ("Pacific Street Property") in Kansas City, Missouri. The parties named in Randolph's petition were the City, Edward P. Woods, Louise M. Woods, John S. Woods, (collectively, "Woods Parties") and "Unknown Parties in Interest, John Doe and Mary Doe, et al." ("Unknown Parties"). The City filed a counterclaim requesting damages for conversion, trespass, trespass on realty, ejectment, and nuisance and further requested an award of punitive damages against Randolph.

The City moved for summary judgment on Randolph's claim, alleging that it had condemned the Pacific Street Property over a century before his suit and that Randolph had no ownership interest in the land because Section 516.090 prohibited the taking of public land by adverse possession. After Randolph filed suggestions in opposition, the circuit court entered summary judgment on Randolph's claim in favor of the City.

Randolph sought certification to take an interlocutory appeal on the disposition of his claim. The circuit court denied the request and subsequently held a bench trial to resolve the City's counterclaim for damages. After hearing evidence and argument from both parties, the court ruled in Randolph's favor by denying the City's counterclaim. Two months later, the circuit court entered a signed document entitled "Final Order and Judgment," in which it announced that Randolph had dismissed the Woods Parties without prejudice. The court thereupon ruled "that there are no further issues before

2

this Court and that therefore this case is decided based upon this Judgment and previous Judgments entered by the Court." Randolph appeals.

<h2 style="text-align:center">ANALYSIS</h2>

Before reaching the merits of any appeal before this court, we have a duty to determine, *sua sponte*, whether we have authority to hear the appeal. *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owner's Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). "In Missouri, the right to appeal is statutory." *Marquez v. Marquez*, 136 S.W.3d 574, 578 (Mo. App. 2004). "A final judgment is a prerequisite to appellate review." *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012). The Supreme Court has clarified that, for the purposes of 512.020(5), a final judgment must fulfill two criteria: (1) "it must be a judgment (i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim)"; and (2) "it must be 'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Wilson v. City of St Louis*, No. SC97544, 2020 WL 203137 *5 (Mo. banc Jan. 14, 2020).

Here, Randolph's action was instituted against four known parties and any number of unknown parties.[2] The record indicates that the court's piecemeal orders and the purported final judgment resolved the City's counterclaim and established the rights and liabilities of the City and the Woods Parties with respect to Randolph's petition seeking quiet title and damages. The record is silent as to the disposition of the Unknown Parties. At best, the circuit court's purported final judgment is, therefore, only

---

[2] The Unknown Parties were served by publication pursuant to Rule 54.12(c).

3

a judgment as to the City's counterclaim.[3]  *See id.*  The circuit court, however, has not entered a judgment, final or otherwise, concerning the rights and liabilities of the Unknown Parties.  *See id.*

While we are mindful that the Unknown Parties may not actually exist, Randolph's quiet title action against the Unknown Parties, as set forth in his own petition, remains pending.  The circuit court was required to adjudicate Randolph's claim against the Unknown Parties in order to issue a final, appealable judgment in this matter.  *See* Rule 74.01; *see also Snelling v. Beck*, 300 S.W.3d 601, 601-02 (Mo. App. 2009) (judgment failing to determine that there is no just reason for delay or dismissing unknown "Doe" defendants was not final); see also *KAS Enters., Inc. v. City of St. Louis*, 121 S.W.3d 262, 264 (Mo. App. 2003) (failure to dispose of claim against served but unidentified "Doe" defendant defeated finality of judgment).  Because that adjudication is not present in the record, we lack authority to hear his claims and must therefore dismiss the appeal. *See First Nat'l Bank*, 515 S.W.3d at 221.

## CONCLUSION

Randolph's appeal is dismissed.

_____
**LISA WHITE HARDWICK, JUDGE**

**ALL CONCUR**

---

[3] We take no position concerning whether the circuit court's disposition of the City's counterclaim could have been certified as a partial final judgment in light of *Wilson.*

4